St. L. SW. Ry. Co. *v.* Frances W. Farrell, Adm'x.

5-4184                                          409 S.W. 2d 341

Opinion delivered December 19, 1966

*J. C. Deacon,* for appellant.

*Shaver & Shaver,* for appellee.

GEORGE ROSE SMITH, Justice. In this action for wrongful death the appellee recovered judgment for $70,000. The appellant filed its notice of appeal, but the record was refused by the clerk of this court, who thought that the notice of appeal had been filed too late. Under Supreme Court Rule 5 the appellant filed the present motion for a rule to require the clerk to docket the case. The motion involves a new procedural statute, which we have not had occasion to construe. Act 123 of 1963; Ark. Stat. Ann. § § 27-2106.3 to 27-2106.6 (Supp. 1965). We have concluded that an opinion might be helpful to the bar.

Act 123 was evidently intended to remedy an awkward situation created by Act 555 of 1953. Act 555 provided that in civil cases no motion for a new trial should be necessary, § 27-2127.5 (Repl. 1962), and that the notice of appeal should be filed within thirty days after the entry of the judgment or decree. Section 27-2106.1. However, motions for a new trial were not abolished. Experience under Act 555 disclosed this difficulty: Not infrequently the losing party might think that he had a sound reason for asking the trial judge to grant a new trial. Nevertheless, he had to file his notice of appeal within thirty days. Often that interval was not sufficient for a motion for a new trial to be prepared, briefed, and acted upon; so that procedure had to be abandoned.

Act 123 remedied that defect in Act 555. The new statute applies not only to motions for a new trial but also to other specified post-judgment proceedings. We shall not try to set forth all the provisions of Act 123. For the purposes of this case all that we need to do is

to show that the applicable provisions of the act were complied with.

Section 1 of Act 123 requires that any motion for a new trial be filed within the time provided by law. That time is ordinarily a period of fifteen days after the rendition of the verdict. Section 27-1904. Here the verdict was returned on April 20, 1966, and the motion for a new trial was filed on May 5; so it was timely.

Next, Section 2 of Act 123 requires the party to present the motion to the trial court within thirty days after its filing. If the matter cannot be heard within that period of thirty days the party must, within that period, request the court either to take the motion under advisement or set a definite date for the motion to be heard. If neither of those steps is taken within the thirty days it shall be deemed that the motion has been finally disposed of at the expiration of the thirty days, and the time for filing a notice of appeal begins to run.

Here counsel for the appellant tracked the statute to the letter. The motion for a new trial was promptly presented to Judge Light. On May 7 Judge Light informed counsel by letter that he could set the motion for a hearing in May. He suggested instead that the matter be submitted on written briefs.

On May 25, still within thirty days after the filing of the motion, the appellant's attorney took the precaution of asking Judge Light to send him a letter stating that he had taken the matter under advisement. This request was wise; for, to avoid the uncertainties of oral testimony, it is evidently desirable that a docket entry, order, or other written, dated record be made at this point. On May 27 Judge Light wrote counsel that he had taken the motion under advisement.

Section 2 of Act 123 also provides that where the motion is taken under advisement or set for a hearing, the motion shall not be deemed to have been disposed of

until the court enters its order granting or denying the motion. When such an order is entered any party desiring to appeal shall then have ten days in which to file his notice of appeal. Here Judge Light denied the motion for a new trial on June 28, and the appellant filed a timely notice of appeal on July 2.

It may be added that counsel for the appellant not only kept Mr. Shaver, the opposing attorney, informed of every step that was taken but also requested him to express any disagreement he might have with the procedure being followed. Mr. Shaver, in the best tradition of the bar, not only made no objection but generously stated that he thought the procedure being followed was correct. In that same spirit he has not resisted the present motion for a rule on the clerk.

The requested rule is granted, the parties' time for filing briefs to run from today.