OLD AMERICAN LIFE INS, CO. ET AL v. DAVID LEWIS

5-4831                                    438 S.W. 2d 22

Opinion Delivered March 10, 1969

*Alfred J. Holland* for appellants.

*Guy Brinkley* for appellee.

LYLE BROWN, Justice.    Appellee David Lewis was awarded judgment against appellants, Old American Life Insurance Co. and National Security Life Insurance Co.    Defendants below petitioned the court to set aside the judgment, alleging unavoidable casualty as justification for their failure to appear on the day set for trial.    In dismissing that petition the trial court specifically found that they had not complied with Act 123 of 1963; Ark. Stat. Ann. § 27-2106.3 to 27-2106.6 (Supp. 1967).    That act provides for the extension of the time for giving notice of appeal in cases where certain specified motions are filed.    The sole question on appeal is whether the trial court applied the applicable law in denying the petition to vacate the judgment.

We discussed Act 123 in *St. Louis S.W. Ry.* v. *Farrell*, 241 Ark. 707, 409 S.W. 2d 341 (1966).    "Act 123 was evidently intended to remedy an awkward situation created by Act 555 of 1953."    Act 555 required a notice of appeal to be filed within thirty days after entry of judgment by the trial court.    That requirement had to be abandoned for the benefit of a losing party who might have good reason to file a post-judgment pleading, such as a motion for a new trial, or one of the several motions enumerated in Act 123.    Consequently, Act 123 established a procedure whereby the time for filing notice of appeal could be postponed pending the determination of such a post-judgment pleading.

Act 123 does not affect the long established procedures for the setting aside of judgments.    It is clear from an examination of the act that the principal subject of all four sections is "notice of appeal"; in fact

that phrase appears in every section and a total of seven times in the comparatively short act. Any doubt about the act not affecting existing procedures for review by the trial court of its proceedings is dispelled by the last sentence: "Nothing herein contained shall be deemed to limit the right of any party to review of proceedings upon any motion which the law may permit to be filed after expiration of the time for giving notice of appeal."

Appellants are entitled to have a hearing and determination of their petition under the appropriate statutory procedure.

Reversed and remanded.