WILSON WOOD D/B/A OLA MILLING COMPANY V.
YATES-AMERICAN MACHINE COMPANY, ET AL

5-4868                                                    439 S.W. 2d 307

Opinion Delivered April 14, 1969

*Parker & Parker* for appellant.

*Laws & Schulze* for appellees.

CONLEY BYRD, Justice. Appellant Wilson Wood doing business as Ola Milling Company appeals from a circuit court order refusing to set aside a default judgment for unavoidable casualty. The record shows that the default judgment was signed by the trial court April 25, 1968, dated April 26, and filed with the clerk on May 9. On August 13, 1968, appellant filed a motion for new trial alleging that the judgment was entered without notice and at a time when his counsel was ill. The verified motion also set up that appellant had a valid defense and counterclaim. Appellees' unverified response merely denied that appellant was without notice of the trial date and denied that appellant's counsel was prevented from being present or having a representative present by unavoidable casualty.

The trial court's order of August 29, 1968, recites the matter came before the court on the motion and the response. From the motion and response, the trial court found that appellant had notice of the hearing, that his attorney had notice of the hearing and was not prevented from being present at the hearing because of unavoidable casualty. We find nothing in the record to support the findings of the trial court nor does appellee point to any portion of the record which would sustain such findings. We pointed out in *Thweatt* v. *Knights & Daughters of Tabor,* 128 Ark. 269, 193 S.W. 508 (1917), that the illness of a party's only counsel constitutes unavoidable casualty or misfortune for purposes of preventing a default under Ark. Stat. Ann. § 29-506(7) (Repl. 1962).

To avoid the effects of the Thweatt case appellees contend that the appeal is not filed within the time limited by Ark. Stat. Ann. § 27-2106 (Repl. 1962), and that because of appellant's failure to properly respond to a request for admissions, appellant now has no valid defense, counterclaim or cross-complaint.

Appellees' contention that the appeal is out of time because of Ark. Stat. Ann. §§ 27-2106.3—27-2106.6 (Supp.

1967) is without merit.     See *Old American Life Ins Co.* v. *Lewis,* 246 Ark. 321, 438 S.W. 2d 22 (1969).

The record with respect to the request for admissions shows that appellees served on appellant's attorney a request for admissions dated Sept. 22, 1967.     The request for admissions was not answered until appellees moved for a summary judgment on Oct. 20, 1967, at which time answers were filed over the signature of appellant's counsel.     The request for admissions here, like the request for admissions in *B. & P., Inc.* v. *Norment,* 241 Ark. 1092, 411 S.W. 2d 506 (1967), failed to specify the time within which the request was to be admitted or denied

In *B. & P., Inc.* the trial court accepted the facts set forth in the request for admissions as admitted, and we held that this was a matter within his discretion, although it was pointed out that under certain circumstances a trial court did not abuse its discretion in permitting the request to be verified by the party before trial.     See *Kingrey* v. *Wilson,* 227 Ark. 690, 301 S.W. 2d 23 (1957).

Here, however, as distinguished from *B. & P. Inc., supra,* the record does not show that appellant has had an opportunity to explain why the answers to the request for admissions were signed by his counsel instead of himself or an opportunity to make the request for personal verification that was permitted in *Kingrey* v. *Wilson.*     All that we hold here is that on this record we cannot rule that the facts are admitted until such time as the parties have had an opportunity to be heard and the trial court has made an actual ruling on the request for admissions.

Since there are no facts in the record to sustain the trial court's finding that both appellant and his counsel had notice of the hearing and that appellant's counsel was not prevented from being present because of illness, we reverse and remand the matter to the trial court for hearing upon appellant's motion for new trial.

Reversed and remanded.