DR. HARRY HAYES *v.* RICHARD W. RICKETT, JR.

5-6211                                           492 S.W. 2d 419

Opinion delivered April 2, 1973

*Smith, Williams, Friday, Eldredge & Clark,* by: *W. A. Eldredge Jr.* and *J. D. Watson,* for petitioner.

*Tom Gentry,* for respondent.

CONLEY BYRD, Justice. In this petition for writ of certiorari, Dr. Harry Hayes contends that the trial court exceeded its jurisdiction in permitting the cause to be tried a second time when the respondent Richard W. Rickett, Jr. relinquished the right to take Dr. Stuckey's pretrial deposition pursuant to our opinion in *Rickett* v.

*Hayes,* 251 Ark. 395, 473 S.W. 2d 446 (1971), and in overruling his motion of October 10, 1972, to declare the judgment final.

The record shows that following our remand on the prior appeal, Rickett did not take a discovery deposition from Dr. Stuckey, petitioner's expert witness as to the practice of physicians in treating persons having Rickett's medical problems. The second trial lasted nine days with the jury again returning a verdict for Dr. Hayes on July 24, 1972. A judgment on the jury verdict was rendered on July 26th. On August 7th, Rickett filed a request for an extension to time to file a motion for new trial. This request for an extension of time contains a certificate that a copy thereof was served upon petitioner by placing a copy thereof in the United States mail properly addressed to his attorneys of record. However, since the request was granted on the same day by a special judge, who had not heard the case, we assume for purposes of this opinion that the extension of the time to October 15th to file a motion for new trial was made ex parte and without prior notice to petitioner. October 10th petitioner filed a motion to strike respondent's motion to extend. October 13th the motion for new trial was filed and on October 20th the trial court overruled petitioner's motion to strike and respondent's motion for new trial.

At the time petitioner presented his motion, we, by agreement of the parties, gave an extension for the filing of the record so that the issues raised in this petition could be disposed of before respondent has been out any expense in preparing the record on his direct appeal from the judgment of July 26th and the overruling of his motion for new trial on October 20th.

We find no merit in petitioner's contention that the failure to take Dr. Stuckey's deposition after remand, made the first jury verdict res judicata. The prejudicial error in limiting the discovery before the first trial was the lack of information Rickett had for purpose of cross-examination and in securing witnesses to rebut Dr. Stuckey's testimony. Of course this information was

acquired from the first trial but not necessarily in time for Rickett to meet the issues in the first trial.

Another collateral argument by petitioner is that the extension was made without notice to him as required by Ark. Stat. Ann. § 27-364 (Supp. 1971). Petitioner here shows no prejudice in the failure to have prior notice for the application for extension. The record shows that following the nine day trial and entry of judgment, the regular trial judge who heard the case went on a vacation and that was one of the reasons for requesting the special trial judge sitting in vacation to extend the time. Thus even if the failure to give notice is to be considered as error, on the record before us it appears to be a harmless error.

Petitioner's main contention is that an extension of time to file a motion for new trial is not permitted by Acts 1963, No. 123 [Ark. Stat. Ann. § 27-2106.3 to § 27-2106.6 (Supp. 1971)]. The first section of that Act provides:

"Upon the filing in the trial court within the time and in the manner provided by law of a motion for new trial or to vacate, set aside, modify or correct a judgment or decree, or to make additional findings of fact or conclusions of law, or to enter judgment notwithstanding the verdict, or to obtain any other relief which would have the effect of setting aside, modifying or amending any judgment, decree or appealable order, provided such motion is filed before the expiration of the time provided by law for the filing of notice of appeal in a civil case, the time for filing of notice of appeal shall be extended as herein provided."

In construing Act 123 in *Old American Life Ins. Co.* v. *Lewis*, 246 Ark. 321, 438 S.W. 2d 22 (1969), we pointed out that any doubt about Act 123 not affecting existing procedures for review by the trial court of its proceedings was dispelled by the last sentence of section four thereof which provides: "Nothing herein contained shall be deemed to limit the right of any party to review

proceedings upon any motion which the law may permit to be filed after the expiration of the time for giving notice of appeal."

Having determined that Acts 1963, No. 123 did not affect the trial court's right to review its proceedings, it follows that we must look to the authority of the trial court with respect to motions for new trial for purposes of determining whether the extension of time to file a motion for new trial is permissible. In *Peterson* v. *Brown,* 216 Ark. 709, 227 S.W. 2d 142 (1950), we found that an extension of time for the filing of a motion for new trial was permissible. It follows that the trial court had jurisdiction to hear the motion for new trial and that the time for appeal had not expired.

Petition denied.