Jimmie Lee JONES *v.* The CIRCUIT COURT
of BENTON COUNTY, Arkansas and SOUTHERN
EQUIPMENT & TRACTOR CO.,
Inc. of Little Rock

76-204                                          545 S.W. 2d 621

Opinion delivered January 24, 1977
(Division I)

*Gocio & Dossey,* for petitioner.

*William J. Wynne,* of *Crumpler, O'Connor & Wynne,* and *Jerry G. James,* for respondents.

CONLEY BYRD, Justice. This petition for writ of prohibition arises out of an action filed by Southern Equipment & Tractor Co., Inc. of Little Rock against Petitioner Jimmie Lee Jones following the repossession and sale of two pieces of heavy earth moving equipment. On November 25, 1975, a jury found that Southern Equipment was not entitled to its

claimed deficiency in the amount of $26,241.26. Immediately following the jury's verdict, Southern Equipment orally moved for judgment notwithstanding the verdict which the court requested be filed in writing with brief pursuant to court rules. Southern Equipment filed its motion and brief on December 8, 1975. Responding and reply briefs were then filed with the last brief being filed on January 6, 1976. That term of court expired on the third Monday in March, 1976. However, on April 21, 1976, the trial court notified the attorneys that the motion for judgment N.O.V. was being denied but that he was treating the motion as a motion for new trial and was granting a new trial because he was of the opinion that the verdict of the jury was contrary to the evidence. Petitioner by written motion immediately objected to the jurisdiction of the court after term time to grant a new trial upon a nonverified motion. That motion and Southern Equipment's response were submitted to the trial court and in denying the Petitioner's objection to the granting of the new trial, the trial court wrote the parties as follows:

"I have considered your Petition for Writ of Error Coram Nobis, and find that it should be denied for the following reasons:

On November 25, 1975, this cause was tried by a jury, and a verdict rendered. On that day, the attorney for the Plaintiff orally moved for a Judgment N.O.V. and I directed him to prepare and file a written motion with brief, which he subsequently did on December 8, 1975. This was well within the 30-day period set by the statute referred to in both briefs.

Due to the press of business of the Court, including a number of items assigned to the Court by the Arkansas Supreme Court in other parts of the state, it was impossible for the Court to conclude this matter until on April 21, 1976, the Court's order was entered treating the Motion as a motion for new trial and granting it. The term in which the case was tried was the September 1975 term of this court, and that term had expired on the day before the third Monday in March, 1976.

Your Petition raises the question of whether the expira-

tion of the term, in and of itself, divested this Court of jurisdiction to enter an order granting a motion for new trial. The Court finds that such jurisdiction remained, and that the order was proper under the circumstances."

To avoid the fact that a trial court's discretionary jurisdiction to grant a new trial generally lapses with the term of court, *Reasor-Hill Corporation* v. *Golden, Judge,* 220 Ark. 100, 247 S.W. 2d 9 (1952), Southern Equipment relies upon Ark. Stat. Ann. § 27-2106.4 (Supp. 1975), which provides:

". . . It shall be the duty of the party filing any motion provided for in the preceding section to present the same to the trial court within thirty [30] days from the date of filing and if the matter cannot be heard by the trial court within thirty [30] days, or for any good cause either party shall not be ready for final hearing within thirty [30] days, the moving party shall, within said period of thirty [30] days, request the trial court to set a definite date certain for hearing of such motion. Unless the motion shall have been presented to the trial court and taken under advisement within thirty [30] days from the date of its filing, or the trial court shall have set a date certain thereafter for hearing on the motion, it shall be deemed, for purposes of this act [§§ 27-2106.3 — 27-2106.6], that the motion has been finally disposed of at the expiration of thirty [30] days from its filing, and time for filing of notice of appeal shall commence to run at the expiration of thirty [30] days from the filing of such motion. If the said motion shall have been *presented* to the trial court and taken under *advisement,* or the trial court shall have fixed a date certain for hearing thereof within thirty [30] days from its filing, said motion shall *not* be deemed to have been disposed of until the trial court shall enter its order granting or denying the motion. *The expiration or lapse of a term of court or commencement of a subsequent term shall not affect the power of the court to take any action herein provided, or the time for filing notice of appeal.*" (Emphasis supplied). [Acts 1963, No. 123, § 2 p. 345.]

Assuming that the motion for judgment N.O.V. could be treated by the trial court as a motion for new trial, we are un-

able to find any evidence in the record either written or oral that the motion was either presented to the trial court or that the matter was taken under advisement by the trial court within the time required by Ark. Stat. Ann. § 27-2106.4 *supra*. Because the statute places the duty of presenting the motion to the trial court upon the moving party and because we recognized in *St. Louis S.W. Ry. Co.* v. *Farrell*, 241 Ark. 707, 409 S.W. 2d 341 (1966), that situations such as has occurred here might arise, we there stated:

> "On May 25, still within thirty days after the filing of the motion, the appellant's attorney took the precaution of asking Judge Light to send him a letter stating that he had taken the matter under advisement. This request was wise; for, to avoid the uncertainties of oral testimony, it is evidently desirable that a docket entry, order, or other written, dated record be made at this point. On May 27 Judge Light wrote counsel that he had taken the motion under advisement."

Since the record does not show that the motion was presented to the trial court and taken under advisement within the time required by Ark. Stat. Ann. § 27-2106.4, *supra*, it follows that the trial court's jurisdiction to grant the motion for new trial expired with the lapse of the term of court.

Furthermore, we agree with petitioner that the trial court was without jurisdiction to treat the motion for judgment notwithstanding the verdict as a motion for new trial after the lapse of the term of court. The rule with respect to amendment of pleadings after the running of the statute of limitations was set forth in *Bridgman* v. *Drilling*, 218 Ark. 772, 238 S.W. 2d 645 (1951), in this language:

> "Our cases hold that where there is an amendment to a complaint stating a new cause of action or bringing in new parties interested in the controversy, the statute of limitations runs to the date of the amendment and operates as a bar when the statutory period of limitation has already expired. In other words, if the plaintiff amends his complaint after commencement of the suit by introducing a new cause of action, the statute con-

tinues to run until the filing of the amendment which does not relate back to the commencement of the suit. *Wood* v. *Wood,* 59 Ark. 441, 27 S.W. 641, 28 L.R.A. 157; *Buck* v. *Davis,* 64 Ark. 345, 42 S.W. 534; *Love* v. *Couch,* 181 Ark. 994, 28 S.W. 2d 1067. If, however, the amendment to the complaint does not set forth a new cause of action, but is merely an expansion or amplification of the cause of action already stated, then the amendment relates back and takes effect as of the date of the commencement of the original action. *Little Rock Traction & Electric Co.* v. *Miller,* 80 Ark. 245, 96 S.W. 993; *Western Coal & Mining Co.* v. *Corkville,* 96 Ark. 387, 131 S.W. 963."

The motion for judgment notwithstanding the verdict definitely stated that it was a motion for judgment in favor of Southern Equipment. Consequently, Southern Equipment could not after the lapse of the term file an amendment to the motion requesting a new trial because it would be impossible to say that such a motion was an amplification of the motion for judgment N.O.V. Since the running of the term would have prevented such an amendment by Southern Equipment, we can think of no reason to permit the trial court, after the lapse of the term, to do the same thing for any discretion which the trial court may have had at the time of trial would also have lapsed with the expiration of the term of court.

Writ granted.

We agree: HARRIS, C.J., and GEORGE ROSE SMITH and HOLT, JJ.