Betty JACOBS *v.* Ebrahim LEILABADI
d/b/a NORTH GREGG APARTMENTS

CA 79-176                                 593 S.W. 2d 479

Opinion delivered January 16, 1980
Released for publication February 6, 1980

*W. Asa Hutchinson,* for appellant.

*Murphy & Carlisle,* for appellee.

M. STEELE HAYS, Judge. Appellant entered into a written lease agreement with appellee, plaintiff below, on August 1, 1978, leasing an apartment unit in Fayetteville for one year at $235 per month. Appellant took possession around August 15 and paid $470 to cover two months rent plus $100 as a deposit against damage. In December, appellant told appellee that the rental costs in Fayetteville were too high for her earnings and that she was forced to give up the apartment. Appellee informed appellant that he would hold her to the lease term. Around the 20th of December, appellant paid a month's rent and notified appellee in writing that she would

be vacating the apartment no later than January 1 and would not expect a return of her deposit of $100.

On December 27, appellee filed a suit to recover the full amount due under the lease, less the rental payments made by appellant and trial was set for January 26, 1979. The facts are not disputed: appellee testified that the first two rent payments of $235 each were to apply to the first month and last month under the lease (although no provision to that effect appears in the lease); that he had advertised regularly from December on to obtain another tenant and was unable to rent the apartment during the lease term; that appellant's notice that she was vacating was left on his door sometime during December (he could not say just when); that no damage to the premises had occurred; that appellant had begun occupancy on August 15 and he only charged her for one-half of that month. By stipulation, it was agreed that appellant had paid a total of $1292.50 plus the $100 deposit, all of which were to be credited to the total rent for the lease period.

At the close of plaintiff's case, the appellant-defendant moved for a directed verdict upon the ground that appellant was entitled to peaceful possession until January 30, 1978 because her payments of $1292.50 brought the rent current to that date, whereas suit was filed prematurely on December 27, 1977.

Appellant's motion was overruled, and her testimony was in agreement with that of appellee's. She stated that she "evidently" vacated the premises on or about December 27 and moved to Rogers, Arkansas.

The trial court's findings were that appellant had paid $1292.50 in rent commencing on August 15; that a total of $2702.50 in rent was due, leaving appellant indebted to appellee for $1,410.00 less the $100 deposit, or a balance of $1,310.00, for which judgment and costs were granted to appellee. The judgment was filed on February 13, and on February 9 appellant filed a motion to vacate and reverse judgment, asserting that appellee's suit was commenced on December 27, prior to the accruing of any cause of action, inasmuch as it was undisputed that appellant's rent was paid

at least through January 15.

Appellee filed a response to the motion on March 1, asserting that $235 of rent was to be applied to the last month of the lease (July 1978) and consequently appellant's rent was current only through the month of December, 1977, that rent for January of 1978 was due in advance under the lease when suit was filed on December 27, and that the cause of action had arisen at time suit was filed.

On April 3 the motion was heard, and an order entered on April 17 denying the motion upon the ground the judgment had been entered in the term of court commencing on January 1 and not acted upon during such term (a new term having commenced on April 1) and, therefore, the court had no authority to act upon the motion except upon grounds set out in Ark. Stat. Ann. § 29-506, none of which were alleged in the motion.

On April 5, appellant filed notice of appeal from the order and judgment and argues that no cause of action existed when suit was filed and that it was error to deny appellant's motion to vacate.

For reversal appellant contends that the trial court erred in denying the motion to vacate; however, appellee insists that notice of appeal was not timely filed, and, if that is correct, we could not reach the appeal on its merit. Therefore, we consider that point first, as it is jurisdictional to this appeal. *Davis* v. *Ralston Purina Company*, 248 Ark. 14, 449 S.W. 2d 709 (1970).

The sequence of filings pertinent to the issue are set out for clarity:

January 26 — Trial by court and findings announced.

February 9 — Motion to vacate and reverse judgment filed.

February 13 — Judgment filed.

March 1 — Response to motion filed.

March 22 — Docket entry setting a hearing on motion to vacate.

April 5 — Notice of appeal filed.

April 17 — Order denying motion to vacate filed.

Act 123 of 1963, in four sections (Ark. Stat. Ann. 27-2106.3 — 2106.6) was intended to clarify the time for filing notice of appeal in those instances in which a losing party had filed a motion for a new trial, or similar motion affecting the judgment. The decision of Justice Brown in *Old American Life Insurance Company* v. *Lewis,* 246 Ark. 322, 438 S.W. 2d 22 (1969) provides this explanation:

> We discussed Act 123 in *St. Louis S.W. Ry.* v. *Farrell,* 241 Ark. 707 (1966). "Act 123 was evidently intended to remedy an awkward situation created by Act 555 of 1953." Act 555 required a notice of appeal to be filed within thirty days after entry of judgment by the trial court. That requirement had to be abandoned for the benefit of a losing party who might have good reason to file a post-judgment pleading, such as a motion for a new trial, or one of the several motions enumerated in Act 123. Consequently, Act 123 established a procedure whereby the time for filing notice of appeal could be postponed pending the determination of such a post-judgment pleading.

In *St. Louis Southwest Railway Company* v. *Farrell,* the requirements of Section 2 of Act 123 are stated succinctly:

> Section 2 of Act 123 requires the party to present the motion to the trial court within thirty days after its filing. If the matter cannot be heard within that period of thirty days the party must, within that period, request the court either to take the motion under advisement or set a definite date for the motion to be heard. If neither of those steps is taken within thirty days it shall be deemed that the motion has been finally disposed of at the expiration of the thirty days, and the time for filing a notice of appeal begins to run.

Section 3 of Act 123 provides:

> If the said motion shall be denied by the trial court or shall be deemed to have been disposed of at the expiration of thirty days as provided in the preceding section, any party desiring to appeal from the judgment, decree or order originally entered shall have ten days from the entry of the order denying the said motion, or from the date of its disposition as herein provided, except that any party shall have not less than thirty days from the original entry of the judgment, decree, or order, within which to give notice of appeal, and this act shall not be deemed to reduce or shorten the time now provided by law in any instance for filing notice of appeal to less than thirty days from date of entry of original judgment, decree or order by reason of a party having filed a motion for new trial or other motion herein mentioned.

No question is raised with respect to the timeliness of appellant's motion to vacate, so we need only consider what followed.

Excluding appellee's response to the motion to vacate filed on March 1, it is clear that nothing appears from the record to have occurred relative to any of the steps discussed in Section 2 of Act 123 from the filing of the motion until the docket entry of March 22 (setting a hearing on April 3), a lapse of forty one days.

Thus, within the time allowed (thirty days) the appellant's motion was not presented to the court, nor did the appellant ask the court to set the matter for a hearing, nor was the motion taken under advisement by the court, either on its own or at the request of appellant. It is clear that one of the foregoing must occur, otherwise the motion is deemed to be disposed of at the expiration of thirty days, just as if the court had actually denied it upon its merits. The decision in *St. Louis Southwest Railway Company, supra,* interprets the act accordingly.

We note, too, that while the decision in *St. Louis S.W. Ry. Co.*, the court merely commended the procedure followed in that case of having the court write a letter that he

was taking the motion under advisement, thereby avoiding "the uncertainty of oral testimony" to show compliance with Section 2, it did not state that such record entry was mandatory. However, that requirement was provided by the case of *Jones* v. *Benton County Circuit Court,* 260 Ark. 893, 545 S.W. 2d 621 (1977). In *Jones,* appellant filed a motion N.O.V. within the fifteen days ordinarily required for post-judgment pleadings, but nothing else transpired within the thirty days provided in Section 2, nor was notice of appeal filed in the time allowed. The court denied the appeal stating:

> . . . We are unable to find any evidence in the record either written or oral that the motion was either presented to the trial court or that the matter was taken under advisement by the trial court within the time required by Ark. Stat. Ann. § 27-2106.4, supra.

Section 3 provides that where, as here, the motion is deemed to have been disposed of at the expiration of thirty days, a party desiring to appeal shall have ten days in which to file notice of appeal. The appellant, consequently, would have had ten days from March 11, or until March 21, in which to give timely notice of appeal. Obviously, notice of appeal was not filed within the time provided under Act 123 of 1963, and this court has no jurisdiction to hear the case on its merits. *Davis* v. *Ralston Purina Company, supra.*

It might be helpful to observe, in passing, that appellant is correct in arguing that suit was filed prematurely (before the cause of action accrued); however, the end result would have meant simply the dismissal and refiling of the suit, as it is abundantly clear that the appellant is indebted to the appellee in exactly the amount awarded by the trial court under the lease.

Affirmed.

Judges HOWARD and NEWBERN dissent.

DAVID NEWBERN, Judge, dissenting. The trial judge gave a reason for his decision which I believe was erroneous. The statute providing time limits on notice of appeal after a motion to vacate unequivocally states that the expiration of a

"term of court" is irrelevant. Ark. Stat. Ann. § 27-2106.4 (Repl. 1979).

The appellant contends the trial court set the hearing on the motion to vacate within 30 days of the day it was filed. The appellee contends it was not set until 41 days after it was filed. Neither party asserts whether within the 30 day period after it was filed the appellant *sought* its disposition as required by the statute. We are left without knowledge why the trial judge set the hearing for April 3, 1979.

I could concur in the result reached by the majority if the trial judge had denied the motion for failure to pursue it in accordance with the statutory requirement. But as he did not, and as we do not know the extent to which the appellant pursued her motion, I believe we should give the trial judge an opportunity to focus on the correct issue. It may be that the trial judge would be able to say the appellant did or did not ask that the motion be set for hearing within 30 days of its filing. If she did ask, then she had ten days from the denial of her motion to file her notice of appeal. Ark. Stat. Ann. § 27-2106.5 (Repl. 1979).

While I agree with the majority's passing remark about the probable, although not inevitable, final result of this litigation, I cannot help but conclude a litigant must not be denied relief, such as an appeal might provide, on the basis of a technical failure unless we are sure such a failure has occurred or that the litigant has failed to carry her burden of showing no such failure. Here, we cannot say either of those, because the trail court ignored the applicable statute and thus failed to consider whether the appellant had pursued her motion as required by the statute.

I am also very reluctant to concur in that part of the opinion citing *Jones* v. *Benton County Circuit Court*, 260 Ark. 893, 545 S.W. 2d 621 (1977), as the opinion in that case seems to be based on expiration of "term time" despite the clear wording of the statute, as explained above. This case seems to give some support to the action of the trial judge in the case before us now. And yet it purports to apply the provisions of Ark. Stat. Ann. § 27-2106.4 (Repl. 1979). Just

as in the case before us, the application of the "term time" rule was without explanation or reference to the statute which makes it inapplicable. I find the case just as mysterious as the action of the judge here, but regardless of that, I believe we should not say the appellant has not complied with the statute until we have some evidence one way or the other.

I would reverse and remand for a determination whether the appellant did or did not comply with the provisions of the statute.

Judge HOWARD joins in this dissent.