## COKING COAL, INC. et al *v.* ARKOMA COAL CORPORATION

83-34                                                646 S.W.2d 12

Supreme Court of Arkansas
Opinion delivered February 21, 1983

*Hixson, Cleveland & Rush,* by: *R. H. "Buddy" Hixson,* and *Friday, Eldredge & Clark,* by: *George E. Pike, Jr.,* for appellants.

*Shaw & Ledbetter,* by: *J. Michael Shaw, Jr.,* for appellee.

PER CURIAM. While this case was pending in·the Court of Appeals, the appellee moved to dismiss the appeal on the ground that the notice of appeal was not filed within the time allowed by Rule 4 of the Rules of Appellate Procedure. The Court of Appeals transferred the motion to this court under Rule 29 (1) (c).

The final decree was entered on July 14, 1982. On July 26 the appellants filed a motion for a new trial, which under Rule 4 extended the time for filing notice of appeal for 30

days, expiring on August 25. On August 23 or 24 an attorney for the appellants submitted the motion for new trial to the chancellor, who orally denied it. Next, there was a conference telephone call on September 15, participated in by the chancellor and an attorney for each side. During that conference the chancellor stated that since one of the appellants' attorneys had apparently been unaware that the chancellor had neither taken the motion for new trial under advisement nor set it for hearing within 30 days under Rule 4, the chancellor was going to enter a formal order overruling the motion. That order was entered on September 17. The appellants' notice of appeal, a jurisdictional requirement, was then filed on September 20.

The motion to dismiss the appeal must be granted. Under Rule 4 (c) the party filing a motion for new trial must present the motion to the court within 30 days, and if the matter cannot be heard within the 30 days the movant must, within those 30 days, request the court to take the matter under advisement or to set a definite date for a hearing. If the court does neither, the motion is deemed to be denied at the expiration of 30 days after its filing — here August 25. Under Rule 4 (d), if the motion is denied by the court or is deemed to have been disposed of, a party desiring to appeal has 10 days from the entry of the order or from the date of the presumed disposition of the motion to file notice of appeal. Here the motion was actually denied on August 24, but the notice of appeal was not filed until September 20.

The purpose of Rule 4 is to accelerate the appellate process, not to delay it. In the first case construing the statute permitting the time for filing the notice of appeal to be extended by a motion for new trial, this court said that when the trial court extended the 30-day limitation by taking the motion for new trial under advisement, it was desirable, to avoid the uncertainties of oral testimony, that a docket entry or other written dated record be made. *St. Louis SW Ry.* v. *Farrell*, 241 Ark. 707, 409 S.W.2d 341 (1966). More than two years ago the Court of Appeals held, correctly, that the requirement of a written record has become mandatory. *Jacobs* v. *Leilabadi*, 267 Ark. 1020, 593 S.W.2d 479 (1980).

If the trial court in the case at bar had done nothing within 30 days after the filing of the motion for new trial, the motion would have been deemed denied, requiring the notice of appeal to be filed within 10 more days. The appellants argue in effect that since the motion was orally denied within the 30 days, they were entitled to wait for weeks or presumably even months before setting the 10-day limitation in motion by having the denial reduced to writing and filed with the clerk. The extension of the 30-day period is plainly for the benefit of the trial judge, who must either take the case under advisement or set a hearing. Its purpose is not to delay the case needlessly. Here, when the chancellor orally denied the motion, counsel could have obtained a written order and filed notice of appeal within the 10 days allowed. Alternatively, counsel could have filed the notice of appeal at once, without waiting for the entry of an order. *Wilhelm* v. *McLaughlin,* 228 Ark. 582, 309 S.W.2d 203 (1958). Neither option was exercised.

The appeal is dismissed.

ADKISSON, C.J., and PURTLE, J., would deny.