James E. MAGNESS *v.* MASONITE CORPORATION

CA 83-147                                 671 S.W.2d 230

Court of Appeals of Arkansas
Division II
Opinion delivered July 5, 1984

*Hulen & Cuffman,* for appellant.

*Haley & Claycomb,* by: *Stark Ligon,* for appellee.

MELVIN MAYFIELD, Chief Judge. Masonite Corporation filed suit in circuit court to collect the balance due on a promissory note executed by James Magness. It was alleged that the note represented an "employee advance" and that the sum of $8,800.62 was due and payable. Masonite also alleged that it was indebted to Magness for unpaid wages and vacation pay and asked that it be allowed to credit that amount on the note.

Magness filed a pro se hand-written answer in which he admitted an indebtedness on the promissory note but alleged that he was entitled to pay that amount in monthly payments. He also alleged that Masonite owed him an unspecified amount for unpaid wages, vacation pay, an 8% merit increase granted but never paid, plus penalties under "Arkansas Statute 81-308."

More than six months after the Magness pleading was filed, Masonite filed an amendment to its complaint in which it alleged as "Count II" that Magness had received cash advances and credit card privileges for travel and entertainment expenses and had violated an agreement between the parties to make proper reports concerning those advances and expenses. The amendment alleged that the advances and expenses charged to appellee and not accounted for amounted to $21,796.01 and asked that a full accounting be made and that Masonite have judgment for any amount due it.

The same day this amendment was filed, Masonite also filed a motion to transfer the case to chancery because the suit was one for an accounting. An order transferring the matter to chancery was filed the next day. On April 5, 1982, an order was entered by the chancellor setting the case for trial at 9:30 a.m. on July 21, 1982. Two days later, April 7, 1982, judgment was entered against Magness for $21,796.01, the total amount mentioned under Count II contained in Masonite's amendment to its complaint. The judgment

recites that Magness was informed by registered mail of the filing of the amendment, that no reply had been made to the amendment and that Magness was, therefore, in default.

On July 2, 1982, 86 days after the entry of the default judgment, Magness, by an attorney, filed a motion to set the judgment aside. The motion alleges that Magness was never informed that he had an affirmative obligation to file a response at any time subsequent to his first answer; that failure to file any required response was due to excusable neglect or other just cause; and that, under Rules 55 and 60 of the Arkansas Rules of Civil Procedure, he was entitled to have the default judgment set aside.

On December 2, 1982, the trial court entered an order denying Magness's motion to set aside the default judgment. That order recites that the motion was not presented to the court within 30 days from the date of its filing; that Magness did not, within 30 days of the filing of the motion, request the trial court to set a definite date for a hearing; and that the trial court did not take the motion under advisement within 30 days from the date of its filing. It then states that 90 days had elapsed between the filing of the default judgment and the filing of the order setting the hearing and that the court "is without jurisdiction to consider the motion" and it "is hereby denied."

Magness has appealed to this court and argues that the trial court was in error in holding that it had no jurisdiction to hear the motion. The appellant cites ARCP Rule 55(b) which provides that no judgment by default shall be entered against a party who has appeared in the action unless the party "shall be served with written notice of the application for judgment at least three days prior to the hearing on such application." He correctly contends that the record is clear that the case was set for trial on July 21, 1982, and that the default judgment as to Count II alleged in the first amendment to the complaint was taken on April 7, 1982. The appellant admits that he received by mail a copy of the amendment to the complaint prior to the date that the case was set for trial but argues that the default judgment should be set aside because he did not receive the three-day notice of

the hearing on the application for the default judgment as required by Rule 55(b).

The Reporter's Notes to ARCP Rule 55(b) contains this statement: "Also, where any defendant has appeared in an action, three days' notice must be given to him on application for default judgment." The notice requirement comes from the Federal Civil Procedure Rule 55(b). In 10 Wright & Miller, *Federal Practice and Procedure* 2d § 2687 (1983), it is said, "A failure to give the three days' notice when it is required generally is considered a serious procedural error that justifies the reversal or the setting aside of a default judgment." One of the cases cited in support of that statement is *Marshall* v. *Boyd*, 658 F.2d 552 (8th Cir. 1981) (opinion by Henley, J.).

The appellee argues that the trial court was correct in holding that it had no jurisdiction to consider the appellant's motion since 90 days had elapsed from the date the default judgment was entered. We are not clear, however, as to the basis of that argument. In its brief, the case of *Coking Coal, Inc.* v. *Arkoma Coal Corp.*, 278 Ark. 446, 646 S.W.2d 12 (1983), is cited. That case, however, is simply concerned with the question of the timely filing of a notice of appeal after a motion for new trial has been filed. It holds that under Rule 4 of the Rules of Appellate Procedure a motion for new trial is deemed overruled at the end of 30 days if it has not been acted upon, taken under advisement, or set for a hearing on a date certain. In that situation, the rule provides, and *Coking* holds, that a notice of appeal must be filed within 10 days after the expiration of the 30-day period in order to appeal from the judgment which has been entered. That situation, however, is not involved here since this is an appeal from the order of the court denying the appellant's motion to set aside the default judgment. The notice of appeal from that order was timely filed and that order is properly before us on appeal.

A letter brief in the record reveals that counsel for appellee argued to the trial court that *Jones* v. *Benton Co. Circuit Court*, 260 Ark. 893, 545 S.W.2d 621 (1977), and *State Farm Fire & Casualty Ins. Co.* v. *Mobley*, 5 Ark. App. 293,

636 S.W.2d 299 (1982), constituted authority for the trial court to hold it had no jurisdiction to grant the appellant's motion after the 90-day period had expired. Those cases refer to the procedure established by Act 123 of 1963, which was compiled as Ark. Stat. Ann. §§ 27-2106.3 — 27-2106.6 (Repl. 1979), and those sections are now referred to by the Reporter's Notes to Appellate Procedure Rule 4 as being superseded by the substantially same procedure of Rule 4. In the *Jones* case, the point involved was an attempt to avoid the fact that the trial court's discretionary jurisdiction to grant a new trial lapsed with the term of court. The argument was that the Act 123 procedure extended the time past the end of the term during which the court could act on the motion for new trial. The *State Farm* case involved the same point; however, the time element was 90 days because ARCP Rule 60(b) had substituted that period for the term of court period involved in *Jones.*

In this case we believe the court had jurisdiction to grant appellant's motion even though the 90-day period of Rule 60(b) had expired. Here, we have a motion to set aside a default judgment because it was granted without giving the appellant, who had answered in the case, a three days' written notice of the hearing on the application for the default as required by ARCP Rule 55(b). We think this constitutes sufficient grounds for setting the judgment aside under ARCP Rule 60(c) (7). Under that provision a judgment may be vacated after 90 days for "unavoidable casualty or misfortune preventing a party from appearing or defending." The appellant cites *Hensley* v. *Brown*, 2 Ark. App. 175, 617 S.W.2d 867 (1981), where we said that the failure of the post office to deliver a letter containing an answer mailed to the clerk constituted excusable neglect, unavoidable casualty or other just cause for failure to file the answer on time. That case cited *Perry* v. *Bale Chevrolet Co.*, 263 Ark. 552, 566 S.W.2d 150 (1978), where the court said that default judgments are not favorites of the law and pointed out it had held that where "a responsive pleading should have been in the hands of the clerk within the time allotted for answering, had the clerk's office not been closed for a five-day holiday period, the plaintiff was prevented from filing a timely answer by unavoidable casualty or misfortune." In *Berringer* v. *Stevens*, 145 Ark. 293, 225 S.W. 14 (1920), a judgment

was set aside for "unavoidable casualty" where the court inadvertently granted a default judgment after excusing defendant's counsel for the term. We think the appellant had proper grounds, under ARCP Rule 60(c)(7), for setting aside the default judgment after the 90 days had expired.

Rule 60(d) requires that one seeking to have a judgment set aside must assert a valid defense and, upon hearing, make a prima facie showing of such defense. In this case the appellant's motion alleged he had a meritorious defense to Count II of the first amendment to the complaint and asked that he be allowed to present evidence of that defense at the hearing on the motion. The record does not show the proffer of any such evidence but the order overruling his motion definitely finds that the court has no jurisdiction to grant it and specifically states that the motion is "hereby denied because the court is without jurisdiction to consider said motion because of the lapse of more than 90 days after the filing of the default judgment." It seems apparent that if the court holds it has no jurisdiction to consider the motion to set aside the default judgment, everyone present would consider the proffer of evidence of a meritorious defense to be moot. At any event, we hold that the court had jurisdiction to grant the motion and we reverse and remand for the court to consider the motion on its merits.

We are holding that the record before us establishes that appellant has sufficient and proper grounds for the court to set aside the default judgment under ARCP 60(c)(7). We also hold that appellant must be given an opportunity to introduce evidence to show a meritorious defense. In that connection, *Tucker* v. *Johnson*, 275 Ark. 61, 628 S.W.2d 281 (1982), defines the term "meritorious defense."

Reversed and remanded.

CRACRAFT and COOPER, JJ., agree.