Cephus Merrick SMITH et al
*v.* Lorraine E. BOONE, Guardian

84-153                                    680 S.W.2d 709

Supreme Court of Arkansas
Opinion delivered December 10, 1984
[Rehearing denied January 14, 1985*]

*Mike Smith, John W. Walker,* and *Benita Terry Jones,* for appellants.

*Howell, Price & Trice, P.A.,* by: *Dale Price* and *Max Howell,* for appellee.

GEORGE ROSE SMITH, Justice. The appellee, as guardian, obtained a judgment against the appellants for

*PURTLE, J., would grant rehearing. ·

personal injuries to her minor ward, Dagan Boone. The appellants' attempted appeal from the judgment must be dismissed, because the notice of appeal, a jurisdictional requirement, was not filed within the time permitted by law.

The judgment was filed in the circuit clerk's office on September 27, 1983. The appellants promptly filed a motion for new trial on October 6. We note in passing that under Rule 4 of the Federal Rules of Appellate Procedure, such a motion in a federal court would have extended the time for filing the notice of appeal until the motion was granted or denied.

That, however, is not and has never been the Arkansas law. Act 555 of 1953 provided for the first time that notice of appeal must be filed within 30 days after the entry of judgment. Such a timely notice has consistently been held to be jurisdictional, so much so that it cannot be waived even by consent of the opposite party. *LaRue* v. *LaRue*, 268 Ark. 86, 593 S.W.2d 185 (1980); *General Box Co.* v. *Scurlock*, 223 Ark. 967, 271 S.W.2d 40 (1954).

In practice, Act 555 proved to be defective, in that the losing party might not be able to file a meritorious motion for new trial and obtain a ruling within the 30 days allowed for the notice of appeal. To remedy that defect the legislature adopted Act 123 of 1963. That act allowed the time for notice of appeal to be extended by the filing of a motion for new trial or other post-judgment motion. The extension of time, however, is not automatic. If the motion cannot be heard within 30 days from its filing, the movant is required within that time to present it to the trial court and obtain a ruling either (1) taking the motion under advisement or (2) setting a definite date for the motion to be heard. Act 123, § 2. If neither of those steps is taken within the 30 days, the motion is deemed to have been finally disposed of at the expiration of the 30 days, and the party must file notice of appeal within ten days. Act 123, § 3.

Act 123 did not expressly require a written record of the trial court's action in taking the motion under advisement or setting a date for its hearing, but from the outset we put the

bar on notice that such a record should be made. In discussing Act 123 in detail in 1966 we pointed out that "to avoid the uncertainties of oral testimony, it is evidently desirable that a docket entry, order, or other written, dated record be made at this point." *St. Louis SW Ry. Co.* v. *Farrell*, 241 Ark. 707, 409 S.W.2d 341 (1966).

That procedure has since become mandatory. We held in *Jones* v. *Benton County Circuit Court*, 260 Ark. 893, 545 S.W.2d 621 (1977), that the statute places the duty of presenting the motion for new trial upon the moving party, and where the record does not show that the motion was so presented the trial court's jurisdiction to grant the motion expires (then with the lapse of the term of court).

The provisions of Act 123 with respect to postconviction motions were carried forward in Rule 4 of the Rules of Appellate Procedure, effective July 1, 1979. Paragraph 2 of the Reporter's Note to that Rule explains the reasons:

> Section (b) does not follow the second paragraph of Rule 4 of the Federal Rules of Appellate Procedure. It was believed that the federal rule permits excessive delay with respect to post-judgment motions that might be filed but not acted upon promptly. Consequently, Sections (b), (c), and (d) preserve the procedure that was prescribed by Act 123 of 1963.

In 1980 the Court of Appeals was squarely presented with the question whether there is a mandatory requirement that a written record be made of the trial court's action in either taking the motion for new trial under advisement or setting a definite date for the motion to be heard. The court held that the *Jones* case, *supra,* had made such a record mandatory, so that the right of appeal lapsed if the notice of appeal was not filed within ten days after the expiration of 30 days from the filing of the motion for new trial, where there was no such written record. *Jacobs* v. *Leilabadi*, 267 Ark. 1020, 593 S.W.2d 479 (1980). We agreed with that view in *Coking Coal* v. *Arkoma Coal Corp.*, 278 Ark. 446, 646 S.W.2d 12 (1983). In dismissing the appeal in that case we said:

The purpose of Rule 4 is to accelerate the appellate process, not to delay it. In the first case construing the statute permitting the time for filing the notice of appeal to be extended by a motion for new trial, this court said that when the trial court extended the 30-day limitation by taking the motion for new trial under advisement, it was desirable, to avoid the uncertainties of oral testimony, that a docket entry or other written dated record be made. [Citing *Farrell.*] More than two years ago the Court of Appeals held, correctly, that the requirement of a written record has become mandatory. [Citing *Jacobs.*]

In view of our uniform holdings during the past 18 years, nothing would be accomplished by remanding the case for an inquiry into whether an *oral* request was made that the trial court take the matter under advisement or set a hearing. In the absence of a *written* record, the time for filing a notice of appeal expired ten days after the motion for new trial was deemed to have been finally disposed of on November 5.

Appeal dismissed.