BRITTENUM & ASSOCIATES, INC. *v.* T. Lynn
MAYALL

692 S.W.2d 248

Supreme Court of Arkansas
Opinion delivered July 8, 1985

*Wright, Lindsey & Jennings*, by: *Robert S. Lindsey*, for appellant.

*Davidson, Horne & Hollingsworth*, by: *Robert J. Fuller* and *Thomas Stone*, for appellee.

PER CURIAM. The appellant attempted, but was denied permission, to file the record with this court on May 17, 1985. A motion for rule on the clerk was denied June 17, 1985. The appellant has asked that we reconsider our denial of the motion.

The pertinent facts are:

1. On October 26, 1984, a judgment was entered in favor of the appellee.

2. On November 2, 1984, the appellant moved for judg-

ment n.o.v. or for a new trial.

3. On December 12, 1984, an order was entered reciting that a hearing was held December 3, 1984, and that the appellant's motion for judgment n.o.v. or a new trial was denied.

4. On December 17, 1984, a notice of appeal was filed.

At this point nothing in writing appeared in the trial court's record of the case before December 12, showing that a hearing had occurred, a hearing had been set, or that the motion had been taken under advisement. The appellant argues that at the instance of the trial judge letters were sent among counsel reciting that a hearing had been set for December 3, 1984.

In *Smith* v. *Boone*, 284 Ark. 183, 680 S.W.2d 709 (1984), we addressed the problem presented when the record does not show either that a hearing was set or that the case was taken under advisement within thirty days of the new trial motion as required by Ark. R. App. P. 4(c). We said there must be "a docket entry, order, or other written, dated record . . . made at this point," quoting *St. Louis SW Ry. Co.* v. *Farrell*, 241 Ark. 707, 409 S.W.2d 341 (1966).

The appellant contends that there is a written record of the setting of the hearing for December 3, 1984, which is in the form of a letter dated November 29, 1984, to the court confirming the December 3, 1984, hearing date. That letter did not become a part of the record until it was added by order filed May 9, 1985.

The fact that a hearing was held December 3, 1984, did not in any manner appear on the record until the court's order of December 12, 1984; however, the appellee's response to this motion does not dispute the allegation that the hearing was held on December 3, 1984.

In *St. Louis SW Ry. Co.* v. *Farrell, supra,* the "written record" of a hearing having been set was a letter from the court to counsel which was dated within the thirty-day period. From the opinion in that case it cannot be ascertained when or if the letter became a part of the official file or "record" in the case.

The problems we are trying to avoid in all these cases are those caused by after-the-fact reconstructions of the record for

the purpose of showing timely notice of appeal.

 We will permit the rule on the clerk to issue in this case, because of the undisputed statement that a timely hearing was held, and because heretofore we have not stated that a written record of setting a hearing date must be filed and made a part of the official record of the trial court. We want it to be clear for the future that if parties plan to base their arguments on timeliness of the notice of appeal upon a "written record" that a hearing has been set or held, the "written record," a transcript of the hearing or other record of its having been held must be filed and made an official record of the court within thirty days from the making of the motion for judgment n.o.v. or for new trial.

Facts continued:

5. On February 12, 1985, the appellant moved for a new trial on the basis of newly discovered evidence pursuant to Ark. R. Civ. P. 60(c).

6. A hearing was held on March 8, 1985, on the Rule 60(c) motion.

7. On May 9, 1985, the Rule 60(c) motion was denied, and a notice of appeal was filed on the same day.

The notice of appeal of denial of the Rule 60(c) motion was timely. Ark. R. App. P. 4(a). In contrast with the first new trial motion, discussed above, the dated transcript of the hearing on the later motion became part of the record, and there was no need to reconstruct it by a later recitation or order.

We grant the rule on the clerk and recall our earlier mandate to the trial court. The transcript may be lodged with this court, and both appeals may be pursued by the appellant.

ROBERT DUDLEY, Justice, not participating.

PURTLE, J., concurring in part, dissenting in part.

JOHN I. PURTLE, Justice, concurring and dissenting. I cannot distinguish the facts in this case from those in *Watts* v. *Reynolds et ux.*, handed down by per curiam on this date. Either *Brittenum* or *Watts* is wrong. Our final sentence in *Smith* v. *Boone*, 284 Ark. 183, 680 S.W.2d 709 (1984), handed down December 10, 1984, was: "In the absence of a *written* record, the

time for filing a notice of appeal expired ten days after the motion for new trial was deemed to have been finally disposed of on November 5." [Emphasis in original.] I think we were too strict in our interpretation of the rules in *Smith* but it is the law or was up until this per curiam was rendered. Now we do not know when a party will be allowed to proceed in the absence of the "filed written record" requirement. Some will and some will not.

In each case being decided today the presiding judge stated in writing, after the ten days had expired, that action had actually been taken during the time the motion was pending but had simply not been entered on the docket or filed with the clerk. The period of inaction according to the record in *Watts* was much longer. The evidence in *Brittenum* was greater. There is really no doubt in my mind that action was taken in both cases before time had expired. Each court, or the attorneys, simply neglected to enter the action into the record.

In the present case there is no reason not to allow the appeal from the adverse ruling on the ARCP Rule 60 (c) motion and I do not think we even considered such in our refusal to allow the rule on the clerk.

So far as I am concerned we should adopt the procedure of allowing proof to be established by clear and convincing evidence that the requirements of Ark. R. App. P. 4 (c) have been met when for some reason the record fails to reflect the true facts.