Tommy MAJORS *v.* PULASKI COUNTY ELECTION COMMISSION, COUNTY OF PULASKI, ALCOHOLIC BEVERAGE CONTROL BOARD, and STATE OF ARKANSAS

85-120                                    697 S.W.2d 535

Supreme Court of Arkansas
Opinion delivered October 21, 1985

*Paul Johnson*, for appellant.

*Donald R. Bennett*, for appellee.

STEELE HAYS, Justice. Following a local option election in which the electors of Precinct No. 614 voted dry, Tommy Majors, a retail liquor store owner, sued the Pulaski County Election Commission, the Alcoholic Beverage Control Board and the State of Arkansas. The complaint alleged irregularities in the election process and that local option laws were a denial of the Due Process and Equal Protection Clauses of the Constitution. The defendants moved under ARCP 12(b)(6) to dismiss the

complaint and on January 14, 1985 the circuit court granted the motion upon a finding that the complaint failed to allege facts which would entitle the plaintiff to relief.

On January 22 Majors filed a motion for a new trial, but took no further steps in the case until March 14 when he filed a motion for a stay in the enforcement of a directive from the Alcoholic Beverage Control Board to wholesale liquor dealers to refrain from servicing retail owners in Precinct 614, and asking for a decision on his motion for a new trial. The Board responded to the motion, arguing that the order of dismissal had disposed of the case since the right to appeal had expired.

Majors replied, contending that a few days before the dismissal order was entered a hearing was held in which his counsel informed the circuit judge that he intended to file a motion for a new trial based on the constitutional issues raised in his complaint and was told by the judge that no future hearings would be necessary and counsel assumed that the motion for a new trial was taken under advisement. That motion, and the accompanying request for a decision on the new trial motion, were denied for failure to file a notice of appeal in accordance with ARAP 4.

Majors then obtained an injunction from the Pulaski Chancery Court restraining the Board from enforcing its directive to terminate retail sales in the precinct. That obvious encroachment on the jurisdiction of the circuit court was corrected by a writ of prohibition from this court to the Chancellor. See *Alcoholic Beverage Control Board* v. *Munson,* 287 Ark. 53, 696 S.W.2d 720 (1985).

The case was not quite over. Majors next filed a motion for findings of fact and conclusions of law, arguing that the court had never ruled on the constitutional issues. That motion was denied on April 1, 1985 upon a finding that the request for findings and conclusions was not timely. Majors has appealed, ostensibly from the April 1 order denying his request for findings.

We need not recite the assignments of error listed in Majors's brief. This attempted appeal is governed squarely by *Smith* v. *Boone,* 284 Ark. 183, 680 S.W.2d 709 (1984), as the trial court correctly noted. After filing his motion for a new trial

on January 22 Majors did nothing and, thus, his motion was deemed to have been acted on thirty days later, or February 21, at which time he had ten days in which to appeal, or until March 4 (March 3 being a Sunday). See ARAP 4 and *Smith* v. *Boone, supra.* As we have seen, no notice of appeal was filed within the time allowed. When no order was entered taking the motion for a new trial under advisement and no notice of appeal was filed within the time allowed, the order dismissing the complaint became final and the proceedings that followed were of no procedural significance. Nor can a request for findings of fact and conclusion of law filed after an order has become final be used as a means of resurrecting a claim already barred by finality. ARCP 52 and 59. *Cain* v. *CarlLee*, 169 Ark. 887, 277 S.W. 551 (1925).

In several decisions we have dealt with the methods to be followed in preserving the right to appeal when a motion for judgment n.o.v. or for a new trial are filed. *Coking Coal* v. *Arkmo Coal Corp.*, 278 Ark. 446, 646 S.W.2d 12 (1983); *Jacobs* v. *Leilabadi*, 267 Ark. 1020, 593 S.W.2d 479 (1980); *St. Louis S.W. Ry.* v. *Farrell*, 241 Ark. 707, 409 S.W.2d 341 (1966). Those procedures are carefully explained in *Smith* v. *Boone, supra*, the opinion pointing out that since *Jones* v. *Benton County Circuit Court*, 260 Ark. 893, 545 S.W.2d 621 (1977), it has become mandatory for the record to show that during the thirty days the trial court either acted on the motion or took it under advisement.

We made an exception in *Brittenum & Associates, Inc.* v. *Mayall*, 286 Ark. 427, 692 S.W.2d 248 (1985), but those facts were exceptional. In *Mayall*, no docket entry or order was made during the thirty days following a motion for judgment n.o.v. filed on November 2, 1984. However, it was undisputed that within the thirty days a hearing was scheduled and, at the direction of the trial judge, a letter was sent to opposing counsel on November 29 advising them of a hearing on the motion to be held on Monday, December 3. At the hearing, which counsel for both sides attended, the motion was taken under advisement and later denied by order entered on December 12, 1984. Thus, while no docket entry or order was made during the thirty days, a written, dated record was made and a hearing was actually held at which the motion was taken under advisement. The opinion in *Brittenum & Associates, Inc.* v. *Mayall* contains this caveat:

We will permit the rule on the clerk to issue in this case, because of the undisputed statement that a timely hearing was held, and because heretofore we have not stated that a written record of setting a hearing date must be filed and made a part of the official record of the trial court. We want it to be clear for the future that if parties plan to base their arguments on timeliness of the notice of appeal upon a "written record" that a hearing has been set or held, the "written record," a transcript of the hearing or other record of its having been held must be filed and made an official record of the court within thirty days from the making of the motion for judgment n.o.v. or for new trial.

In this case nothing whatever occurred after the motion for a new trial was filed until long after the thirty days had elapsed.

The appeal is dismissed and the mandate will issue immediately, the case having no discernible purpose other than to delay the results of the local option election. Rule 22 of the Rules of the Supreme Court and Court of Appeals.

PURTLE, J., not participating.