Jim Guy TUCKER, et al.
*v.* LAKE VIEW SCHOOL DISTRICT, et al.

95-471                                                906 S.W.2d 295

Supreme Court of Arkansas
Opinion delivered September 25, 1995

*Winston Bryant*, Att'y Gen., by: *Tim Humphries* and *Elizabeth Boyter*, Asst. Att'ys Gen., for appellant.

*Clayton R. Blackstock*, for appellee Arkansas Department of Education.

*Jimmie Lee Wilson, Roy C. Lewellen*, and *Don Trimble*, for appellee Lake View School District.

PER CURIAM. On May 17, 1995, the Lake View School District of Phillips County filed a motion to vacate and set aside its briefing schedule and to remand the matter to chancery court for a determination of various motions. We denied that motion on June 5, 1995. The School District now requests reconsideration of the denial. That motion also is denied.

Two of the attorneys for the School District, Roy C. Lewellen and J.L. Wilson, were members of the Arkansas General Assembly during the 1995 Regular Session. Under Rule 40(c), suits in which members of the General Assembly are attorneys are stayed for a time not to exceed 15 days before the session begins and not less than 30 days after adjournment. The 1995 session of the General Assembly began on January 9, 1995, and adjourned on April 28, 1995.

On November 9, 1994, the chancery court's order with findings of fact was entered in this case. Any motion for judgment notwithstanding the verdict under Ark. R. Civ. P. 50, or motion to amend findings of fact under Ark. R. Civ. P. 52, or motion for a new trial or amendment of judgment under Ark. R. Civ. P. 59 had to be filed within ten days of entry of the chancery court's order, that is, by November 19, 1994, which fell on a Saturday, thus making the deadline November 21, 1994. The School

District's motion to modify findings of fact, however, was not filed until December 6, 1994. We have held that a request for findings of fact filed after an order has become final cannot be used as a means of resurrecting a claim already barred by finality. *See Majors* v. *Pulaski County Election Comm'n*, 287 Ark. 208, 697 S.W.2d 535 (1985). The trial court decided the School District's motion on December 21, 1994, and entered an order accordingly. Nevertheless, the School District's motion was clearly untimely, and the trial court's order regarding it appears to have been a nullity based on what we have before us. Moreover, as the School District's motion was filed on December 6, 1994, it was unaffected by Rule 40(c) because it was filed prior to the prescribed period. In short, the School District's motion to modify findings of fact was untimely and was not salvaged by Rule 40(c) because it was filed sufficiently in advance of the legislative session.

■ We also note that the School District filed a motion for attorney's fees which was entered on January 10, 1995, and which fell within the Rule 40(c) period. That motion was signed by J.L. Wilson. On March 6, 1995, the trial court concluded by order that the motion was untimely. On April 28, 1995, the School District apparently filed objections to the trial court's order, also within the Rule 40(c) time frame. Though the prescribed stay is fixed by Rule 40(c), counsel for the School District chose to file a motion and participate in the litigation during the legislative session. Counsel cannot participate in the litigation during the period of the stay, receive an adverse decision, and then urge that the matter was stayed and seek a second hearing on the matters previously resolved. This would place the opposing party in a dilemma, not knowing whether the matter was stayed or ongoing during a legislative session. If a legislator is to avail himself or herself of Rule 40(c), participation in the litigation pending the stayed period should not transpire.

■ The School District also asserts that appellant Tucker's appeal was not timely and that no final order has been entered by the chancery court. Appellant Tucker's notice of appeal appears to have been timely because he filed it on January 18, 1995, which was within the appropriate time frame since it was an appeal from a modified order entered on December 21, 1994, following a motion to modify findings of fact filed on Novem-

ber 21, 1994. We further discern, based on what is before us, no reason to remand for lack of finality.

The motion for reconsideration is denied.