SLIP OPINION

Cite as 2016 Ark. App. 312

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-15-425

| | |
|---|---|
| HELENA-WEST HELENA PUBLIC SCHOOL DISTRICT<br><br>APPELLANT<br><br>V.<br><br>ADRIANE RENA SHIELDS<br><br>APPELLEE | **Opinion Delivered** JUNE 8, 2016<br><br>APPEAL FROM THE PHILLIPS COUNTY CIRCUIT COURT [NO. CV 2008-144]<br><br>HONORABLE L.T. SIMES II, JUDGE<br><br>REVERSED AND DISMISSED |

## RITA W. GRUBER, Judge

The Phillips County Circuit Court entered a default judgment against the appellant, the Helena-West Helena Public School District (the district), when it failed to respond to a complaint filed by appellee Adriane Shields. After the court denied the district's motion to set aside the default judgment, it held another hearing and awarded damages, compensatory and punitive, and attorney's fees to Shields. The district appeals, challenging the entry of the default judgment, the court's failure to set aside the default judgment, and the award of damages to Shields[1]. We hold that Shields failed to obtain proper service of process on the district. Therefore, the circuit court erred in entering a default judgment against the district and further erred in failing to set aside the default judgment. Accordingly, we reverse the

---

[1] This is the second appeal in this case. *See Helena-West Helena Sch. Dist. v. Shields*, 2014 Ark. App. 519 (*Shields I*). In that appeal, we held that we lacked a final, appealable order.

judgment of the circuit court and dismiss Shields's complaint.

Shields was under written contract as a secretary for the district for the 2007–08 school year. In November 2007, she was terminated from her position after she refused an offer to resign. In April 2008, Shields filed suit alleging that she had been illegally terminated. The complaint asserted causes of action for breach of contract and violation of the Arkansas Civil Rights Act and sought compensatory and punitive damages and attorney's fees.

A summons was issued for Rudolph Howard, the district's then superintendent. A deputy sheriff purportedly effected service of the summons and complaint on May 17, 2008. The return, filed on July 24, 2008, had a check on the space designating service on an agent but did not otherwise identify the person served or the location where service was made. The return also gave a general physical description of the person served. No response to the complaint was filed by the district and, in September 2008, Shields moved for default judgment.

Nothing further happened in the case until a notice of a May 23, 2011 hearing on the motion for default judgment was sent to attorney Vandall Bland by the circuit court's case coordinator. At that hearing, the district argued that it had never been served and had no notice of the lawsuit until it received the notice for the hearing. The district further argued that Superintendent Howard would have been the proper person to serve with the complaint. When the district proffered a photograph of Howard, the court sustained Shields's objection. After taking the matter under advisement, the court entered a one-sentence order granting the motion for default judgment in September 2011.

The district moved to vacate the default judgment, arguing it had never been served and that it had meritorious defenses. In support of its motion, the district submitted the affidavit of Superintendent Howard denying that he was served with the summons and complaint and containing his physical description. The court denied the district's motion, finding that the district was properly served and that the return of service was sufficient proof.

The district also filed an answer to Shields's complaint. As an affirmative defense, the district alleged that service was void and improper and that more than 120 days had elapsed without proper service.

Following a hearing on damages, the parties submitted proposed findings of fact and conclusions of law. On January 15, 2013, the circuit court entered an order awarding Shields various damages. *Shields I*, *supra*, at 2. After the district moved to set aside or vacate the order and for a new trial, the circuit court entered an order purporting to finalize Shields's damages. *Id*. at 2–3.

We dismissed the district's appeal. *Shields I*, *supra*. We held that the orders appealed from were not final in that they contemplated further action and that they did not calculate a precise award of damages. We directed the circuit court to calculate certain damages and the attorney's fees in dollars and cents.

On remand from *Shields I*, the circuit court entered an order on February 17, 2015, specifying all of the damages and attorney's fees awarded to Shields. The district timely moved to set aside or vacate the order and for a new trial, renewing its contention that it still had not been properly served with process. There was no action taken on the district's posttrial

3

SLIP OPINION

motion, and it was deemed denied by operation of law on March 30, 2015. This appeal followed.

Although the district argues nine points on appeal, the dispositive issue in this case is whether the circuit court erred in finding that the district was properly served under Rule 4 of the Arkansas Rules of Civil Procedure. Because default judgments rendered without valid service of process are void, we review the circuit court's denial of the motion to set aside the judgment using a de novo standard. *Nucor Corp. v. Kilman*, 358 Ark. 107, 118, 186 S.W.3d 720, 727 (2004).

Service of valid process is necessary to give a court jurisdiction over a defendant. *Unknown Heirs of Warbington v. First Cmty. Bank*, 2011 Ark. 280, 383 S.W.3d 384. It is well settled that service-of-process requirements, being in derogation of common-law rights, must be strictly construed, and compliance with them must be exact. *First Cmty. Bank*, *supra*; *Carruth v. Design Interiors, Inc.*, 324 Ark. 373, 921 S.W.2d 944 (1996). Further, default judgments are void due to defective process regardless of whether the defendant had actual knowledge of the pending lawsuit. *Nucor*, 358 Ark. at 119, 186 S.W.3d at 727.

Shields argues that the district never came forth with any evidence to show that service was improper. This argument is a misapprehension of the parties' burdens because our service rules place an "extremely heavy burden" *on the plaintiff* to demonstrate that compliance with those rules has been had. *See, e.g.*, *Southeast Foods, Inc. v. Keener*, 335 Ark. 209, 979 S.W.2d 885 (1998); *Meeks v. Stevens*, 301 Ark. 464, 785 S.W.2d 18 (1990); *Dobbs v. Discover Bank*, 2012 Ark. App. 678, 425 S.W.3d 50.

Our courts have held that service is not proper where the plaintiff fails to produce evidence that a person authorized by Rule 4 was served with process or refused service. *Lyons v. Forrest City Mach. Works, Inc.*, 301 Ark. 559, 785 S.W.2d 220 (1990) (holding service of process not proper under Rule 4(d)(5) and dismissal mandatory under Rule 4(i) where summons addressed to F.C. Machine Works and return showed that F.C. Machine Works was served as "the person named therein as defendant"); *see also Brown v. Ark. Dep't of Human Servs.*, 2013 Ark. App. 201.

Rule 4(d), which governs the available methods for effecting service, provides that "[a] copy of the summons and complaint shall be served together." Ark. R. Civ. P. 4(d). Section 4(d) states that "service shall be made upon any person designated by statute to receive service or as follows" and lists the allowable methods of service. In this case, service on the district is governed by Rule 4(d)(7), which provides in relevant part,

> (7) Upon a state or municipal corporation or *other governmental organization or agency thereof*, subject to suit, by delivering a copy of the summons and complaint to the chief executive officer thereof, or other person designated by appointment or by statute to receive such service, . . .

Ark. R. Civ. P. 4(d)(7) (emphasis added). Thus, Howard, as the district's superintendent, would have been the proper person to serve with Shields's complaint. There may have been others at the school offices authorized to accept service. *See May v. Bob Hankins Distrib. Co.*, 301 Ark. 494, 785 S.W.2d 23 (1990) (bookkeeper who was "more or less in charge" of the office at the time of service held to be a managing or general agent). However, it was incumbent on Shields to identify the person served. She did not do so.

There is a presumption of the validity of the sheriff's return of service. *Lyons, supra.*

5

That presumption is not conclusive in the face of evidence to the contrary. *Id*. While that presumption would normally help a plaintiff such as Shields to meet that burden, it is of no aid to Shields here because she never made a prima facie case that service was had on some proper agent of the district. Moreover, Rudolph Howard's affidavit denies that he was ever served with the summons and complaint in this case. The argument also ignores the fact that the district attempted to proffer evidence as to the description of Howard, but the court sustained Shields's objection.

This is not a new requirement that began with the adoption of the Arkansas Rules of Civil Procedure in the late 1970s. Indeed, it comes from statutes and case law dating to the inception of statehood. In *Rose v. Ford*, 2 Ark. 26 (1839), a deputy sheriff made return on a summons in the following language: "Executed the within by reading, April 8th, 1839." The supreme court held the service insufficient to support entry of a default judgment because the deputy was required to show who was served, along with what was served. It further held that, although the return of service was presumed to be true, the trial court could not supply necessary facts that were omitted.

It is mandatory under Arkansas law that service of process must be made within 120 days after the filing of the complaint unless there is a motion to extend, and if service is not obtained within the 120-day period and no such motion is made, dismissal is required upon motion or upon the court's own initiative. *See* Ark. R. Civ. P. 4(i); *Lyons*, *supra*; *see also* *Southeast Foods*, *supra*; *Dougherty v. Sullivan*, 318 Ark. 608, 887 S.W.2d 305 (1994); *Lawson v. Edmondson*, 302 Ark. 46, 786 S.W.2d 823 (1990). Because Shields did not effect proper

service on the district within 120 days of filing her complaint, we reverse the judgment of the circuit court and dismiss the complaint.

Reversed and dismissed.

GLADWIN, C.J., and KINARD, J., agree.

*Lawrence W. Jackson*, for appellant.

*Wilson Law Firm*, by: *Jimmie L. Wilson*, for appellee.