BART F. VIRDEN, Judge | jThis child-support case comes before us again as a result of our having granted a petition for rehearing. The case began with a complaint for support filed on December 13, 2007, against appellee Wynd-ham Dempster as to his two minor children with appellant Chelsea Harley. The plaintiff in the action was listed as the Office of Child Support Enforcement (OCSE), and Harley was listed on the pleadings as the assignor. Although Demp-ster was served with the petition to establish support, he did not answer or appear at the hearing. The circuit court issued an order on January 31, 2008, which stated that “[t]he OCSE is involved in establishment of a support order herein pursuant to its responsibilities under Ark. Code Ann. § 9-14-210(d) and § 9-10-104 under which the Assignor is the recipient of services under Title IV-D of the Social Security Act.” I ¿The order found that Dempster owed a continuing duty to support his children and ordered him to pay child support. Support payments were to be paid through the Child Support Clearinghouse. Harley was listed in the order as a lienholder. Dempster did not pay his child support as ordered, and in March 2015, the OCSE filed a petition to modify the amount due and sought a judgment for the arrears, which were over $26,000. Dempster' was served with the petition, but again, he failed to file an answer. He did, however, appear at the hearing on the matter in the Pulaski County Circuit Court on July 8, 2015. After a hearing, the circuit court issued an order of modification on July 16, 2015, which will be discussed below in greater detail. The point of contention before us is the circuit court’s finding that Dempster would receive credit toward the arrears in the amount of $6,000 — a portion of money paid by his parents for private-school tuition for the children. Harley filed an appeal from that order. An opinion was issued by this court on December 7, 2016, by a nine-judge panel on a vote of 5-4 dismissing the appeal based on a finding that Harley did not have standing to appeal the lower court’s decision to our court. Three dissents were issued along with the majority opinion. Upon petition for rehearing, that opinion is vacated, and this opinion is substituted as the majority opinion. I. Standard of Review Our review of the trial court’s decision is de novo on the record, and we will not reverse findings of fact by the circuit court unless they are clearly erroneous. Ward v. Doss, 361 Ark. 153, 205 S.W.3d 767 (2005). We have further stated that a circuit court’s finding is clearly erroneous when, despite supporting evidence in the record, the appellate court |sviewing all of the evidence is left with a definite and firm conviction that a mistake has been committed. Daniel v. Spivey, 2012 Ark. 39, 386 S.W.3d 424. In reviewing a circuit court’s findings, we give due deference to that court’s superior position to determine the credibility of the witnesses and the weight to be accorded to their testimony. Ward, swpra. A circuit court’s conclusion of law, however, is given no deference on appeal. Id. As a rule, when the amount of child support is at issue, we will not reverse the circuit court absent an abuse of discretion. Id. This court has traditionally reviewed matters that sound in equity de novo on the record with respect to factual questions and legal questions. Daniel, supra. II. Standing Neither Harley nor Dempster raised the issue of standing at the trial court level or in this appeal. It is the opinion of some members of the court that standing to bring the appeal is not jurisdictional; thus, it may be waived. In that event, we would proceed to address the merits of the appeal. The supreme court has held that to be the case. See Pulaski Cty. v. Carriage Creek Prop. Owners Improvement Dist. No. 639, 319 Ark. 12, 888 S.W.2d 652 (1994). The supreme court, however, has raised the issue of standing on its own. See Swindle v. Benton Cty. Cir. Ct., 363 Ark. 118, 211 S.W.3d 522 (2005). The distinction may lie in the difference between standing at the trial court level and standing at the appellate court level. In either case, as a result of our previous decision and our grant of rehearing, it must be discussed. Obviously, if Harley is considered a party, she has standing. This opinion addresses two aspects of the standing question: First, was Harley a party? Second, did she have a pecuniary interest in the litigation to give her standing to bring this appeal? | ¿While Ark. Code Ann. § 9-14-109 (Repl. 2015) does grant party status to the OCSE in an enforcement case, and it is referred to as the “real party in interest,” it does not follow that the custodial parent is not also a party to the litigation. In fact, there can be other issues in a domestic case, such as visitation, property, and custody. The OCSE makes it clear that it does not represent the custodial parent in these cases, so how would the dissent characterize the custodial parent? Harley is listed throughout the case as the “OSCE Assign- or” in the case style, along with the OCSE as the plaintiff and Dempster as the defendant. Many cases have more “parties” than just one plaintiff and one defendant. There can be a claimant, counterclaimant, inter-venor, garnishee, third-party defendant, etc. There is no argument that they are not parties. Why should it be so for an assignor with a direct interest in the outcome? A review of the record shows that Harley’s status as a party to the litigation is further supported by the following references: • 2008 Default Judgment of Support refers to her and the OCSE as lien-holders. • 2015 Motion to Modify Support and for Judgment: In this motion, it was alleged in paragraph 2 “[t]hat since the entry of the last Order, a material change in the circumstances of the parties ha[d] occurred” (Emphasis added.) Paragraph 3 states “[t]hat WYNDHAM S. DEMSPTER SR has accrued a total past due child support in this matter in the amount of $26036.00 as of FEBRUARY 28, 2015 and that OCSE and/or its assignor is entitled to a judgment for said amount[.]” There was nothing that indicated a change in circumstances regarding the OCSE had occurred, leaving only the appellant and appellee to be “parties.” • Certainly, the OCSE considered Harley to be a party. The attorney for the OCSE sent a letter to the court along with a draft of the order for modification and referenced the case as: “Re: State of Arkansas, OCSE/Chelsea Harley vs. Wyndham Dempster, Sr.” |s* The Circuit Court also considered Harley to be a party. It was only after her consultation and consent that the arrears were reduced for the time period that “the parties” lived together. If Harley had a pecuniary interest in the outcome, she also would have standing to bring this appeal. See Swindle, supra; In re $3,166,199, 337 Ark. 74, 987 S.W.2d 663 (1999). Does the custodial parent of children owed child support have a pecuniary interest in the amount of the child support? At first blush, that might seem to be a simple question. While we believe the answer is yes, the path is not as short and direct as one might expect. The dissenting judges assert that because of Harley’s assignment of her rights to pursue child-support arrears, she has no pecuniary interest, and hence no standing. As a recipient of Title IV-D benefits, she is required to assign those rights to the State of Arkansas. Taking that finding to its conclusion would mean that Harley would not receive any of the child-support payments or the arrears. That simply is not the case. Granted, there is nothing in the record specifically finding that she is entitled to the child support for her children, but there is no doubt that she is so entitled. It was never a question at the trial court level, and it should not be one here. In In re $3,166,199, our supreme court applied the pecuniary-interest exception in a civil-forfeiture action in which both the Crittenden County Prosecuting Attorney and the Arkansas Highway Police each claimed ownership of money seized in a drug-related traffic stop. Id, The Arkansas Highway Police, though not a party below, appealed the circuit court’s award of the funds to the prosecuting attorney. Id. The supreme court found that the Arkansas Highway Police had standing to bring the appeal due to its pecuniary interest in the funds. 16Harley’s pecuniary interest, as established by the record in the following instances, entitles her to standing: in the original default judgment, the circuit court listed both Harley and the OCSE as lien-holders; in its motion to modify support and for judgment for past-due child support, the OCSE requested that Dempster be required to provide proof of previous years’ income to Harley; at a hearing, Harley was consulted and agreed to give credit to Dempster for the period of twenty-one months that they had lived together; and in an affidavit dated January 29, 2008, OCSE Child Support Investigator Jonathan McFadden stated that, due to Dempster’s failure to pay the $968 of support required, “[t]he State of Arkansas is entitled to $0.00 of said amount as reimbursement of AFDC or TEA benefits.” In addition to the real-world understanding that the custodial parent is the recipient of the child support, there is also law to support and even mandate such a conclusion. The circuit court found that Harley received services under Title IV-D of the Social Security Act or had signed a contract for services with the OCSE. In exchange for receiving certain federal money, Arkansas promises to provide particular services to people like Harley. 42 U.S.C. § 602 (2012). Under Title IV, the attorneys who enforce private child-support orders are employed by the State. The State, in turn, receives federal funding to pay for the enforcement. See 42 U.S.C. § 651; see also 42 U.S.C. § 652(a)(7)-(8); Ark. Code Ann. § 9-14-210. Any child-support arrearages that the OCSE collects must be paid to Harley directly within two business days under the federal-funding requirements. See 42 U.S.C. §§ 654, 657. Being a state governmental agency, the OCSE has enacted regulations that recognize [7that “state and federal law requires OCSE to make payment directly to the custodial party.” 006-25-1 Ark. Code R. 8.4.1 (Weil 2012); see also Ark. Code Ann. § 9-14-213. III. Merits of the Case Having determined that Harley has standing to bring the appeal, we turn now to the merits of the case. The trial court calculated a past-due amount of child support of $7,079: the $22,544 arrearage presented by the OCSE, less $9,465 for a credit agreed to by Harley for twenty-one months that the parties were living together, less a $6,000 credit recognized by the court for payments made by Dempster’s parents for private-school tuition. At issue in this appeal is the reduction of the arrears in the amount of $6,000 “for support paid by the Defendant’s parents for Montessori school for the minor children.” Harley alleges that the trial court erred in reducing the amount of the delinquent support by that amount. She puts forth three arguments in support of her position: (1) Dempster should have been precluded from arguing the affirmative defense of setoff because it was raised for the first time at trial, (2) the trial court abused its discretion by allowing a setoff because it did not conform to Ark. Code Ann. § 9-14-236, and (3) the trial court clearly erred in determining the private-school tuition payments were made in lieu of child support. The first two arguments might well be persuasive were we able to address them; unfortunately, we are not. A.The Issue of Setoff Is Not Preserved It is true that setoff is an affirmative defense and must be raised in a responsive pleading or else it is waived. Ark. R. Civ. P. 8. Dempster did not file a responsive pleading | sat all; however, neither Harley nor the OSCE objected below on that ground. As such, that argument is not preserved for our review. See Jackson v. Mundaca Fin. Servs., 349 Ark. 84, 76 S.W.3d 819 (2002) (holding that affirmative defenses may not be raised after the conclusion of the trial); Sloop v. Kiker, 2016 Ark. App. 125, 484 S.W.3d 696 (holding that an appellant must obtain a ruling on an issue in order to preserve the issue for appeal). B.The Impact of Ark. Code Ann. § 9-14-236 Is Not Preserved Harley’s second point must suffer a similar fate. Section 9-14-236 provides, “In any action involving the support of any minor child or children, the moving party shall be entitled to recover the full amount of accrued child support arrearages from the date of the initial support order until the filing of the action.” We are unable to address the impact of Ark. Code Ann. § 9-14-236 because Harley did not raise the applicability of the statute below, nor did she obtain a ruling from the trial court on its application that would allow this court to review the decision. See Sloop, supra. C.The Trial Court’s Decision Was Clearly Erroneous The third point for reversal advanced by Harley is properly before this court, and we find that it is well taken. As stated previously, the tuition for private school was something that Dempster’s parents wanted to provide for their grandchildren. Dempster did not pay his child support. He was taken to court on at least two occasions for failing to pay support, and he did not answer the summons on either occasion. Harley relied on some form of government assistance to care for her children — a reliance no doubt exacerbated by Dempster’s refusal to pay his child support. Because the grandparents wanted the children to attend private school, they volunteered to pay the tuition. There was some evidence that |9Pempster was not even aware of his parents’ largesse. No one presented any evidence that the private-school tuition payments made by Dempster’s parents were to be in lieu of child support. In fact, all of the testimony made it clear that they were not. Even the trial court stated that the school tuition was not child support. While the gesture of Dempster’s parents was generous, it did not put food on the table or shoes on the feet of their grandchildren. To be fair, there was some evidence that they were unaware that their son was not supporting his children. These tuition payments were not made by Dempster and were not made to Harley or to the OCSE. It strains logic and flies in the face of the evidence presented to find that the tuition payments amounted to child support. In the case before us, we are left with a definite and firm conviction that a mistake was made and that the circuit court abused its discretion as to the amount of child support Dempster owed. There was no supporting evidence to find that the private-school tuition payments made by Dempster’s parents were child support. Further, there was no issue of credibility of witnesses; they all testified that the payments were not in lieu of child support. Thus, we find that the trial court’s arbitrary credit of $6,000 was clearly in error and an abuse of discretion. Accordingly, we reverse and remand the case to the trial court for entry of an order and judgment consistent with this opinion that complies with Ark. Code Ann. § 9-14-233, which governs arrearages. Reversed and remanded. Harrison, Vaught, and Hixson, JJ., agree. Gladwin and Brown, JJ., dissent in part. Gruber, C. J., and Glover and Whiteaker, JJ., dissent in part.