ROBERT J. GLADWIN, Judge
The Jefferson County Circuit Court set aside its default judgment against appellee-Shahrokh Javidzad and Y&S Pine Bluff, LLC (Y&S), which is an administratively dissolved LLC solely owned by Javidzad.[1] Shokrolla Eliasnik appeals, arguing three points: (1) the circuit court erred by granting appellee's motion to set aside default judgment because it had been deemed denied; (2) the circuit court abused its discretion by granting appellee's Arkansas Rule of Civil Procedure 59 (2016) motion because the service question was meritless, waived, and barred; and (3) the circuit court erroneously ignored the savings statute by dismissing appellant's lawsuit with prejudice. We affirm.
I. Procedural History
A. The Default Judgment
Appellant filed a complaint on April 21, 2015, alleging that appellee had written seventeen checks to him over the past five years totaling $505,000. Appellant had tried to deposit the first three checks, but they were returned due to insufficient funds. Appellant claimed that he was entitled to restitution from appellee in twice the amount of the seventeen checks. See Ark. Code Ann. § 4-60-103 (Repl. 2011). Appellant alleged in his complaint that he was sending written demand to appellee's last known addresses, 4030 West 25th Street, Pine Bluff, Arkansas 71603 and 10435 Santa Monica Boulevard, 2nd Floor, Los Angeles, California 90025.
On June 4, 2015, appellant filed a motion for default judgment claiming that he had attempted to serve Y&S but was unable to perfect service through certified mail. Appellant alleged that Javidzad was the registered agent for process for Y&S according to the Arkansas Secretary of State's records. Appellant stated that he had served appellee on May 4, 2015, through the Arkansas Secretary of State, see Ark. Code Ann. § 16-58-120 (Repl. 2005) (the long-arm statute); thirty days had elapsed; and neither Y&S nor Javidzad had filed an answer or pleading. Thus, appellant asked for default judgment pursuant to Arkansas Rule of Civil Procedure 55(a).
*500 A damages hearing was held on September 1, 2015, and the circuit court noted that "[appellee] was served on April 29, 2015, and since that time, he has not filed an answer, nor has he filed any motion pursuant to Rule 12.[2 ] He is in default. You may call your first witness." Appellant's counsel presented an affidavit signed by appellant and a letter mailed April 21, 2015, asking for damages in addition to the $515,000 double damages. The circuit court asked if appellee had responded, and appellant's counsel said, "No response." The circuit court awarded $2500 in attorney's fees and a $1,515,030 judgment with interest against appellee. The judgment was filed on September 1, 2015.
B. Motion to Set Aside Default Judgment
On August 8, 2016, appellee filed a motion to set aside the default judgment under Rule 55(c), arguing that the default had been procured by fraud. Appellee claimed that appellant had represented to the circuit court that appellee's last known addresses were in Pine Bluff, Arkansas, and at 10435 Santa Monica Boulevard, 2nd Floor, Los Angeles, California 90025. Appellee asserted that at the time the complaint was filed in April 2015, he and appellant were parties in a lawsuit that remained pending in California and that the subject matter of the California complaint involved the same business dispute that was the subject of the instant complaint. The California pleadings were attached and incorporated. Appellee alleged that appellant filed proofs of service in the California court stating that appellee was personally served at 1608 Sawtelle Boulevard, Los Angeles, California 90025. Therefore, appellee asserted that at the time of the filing of the instant matter, appellant knew that appellee's office address was 1608 Sawtelle Boulevard in Los Angeles, and appellant knowingly and deliberately provided the circuit court with outdated and incorrect addresses for appellee. Appellee alleged that appellant's statement that appellee's last known address was anything other than 1608 Sawtelle Boulevard in Los Angeles was perjury.
Appellee also claimed that appellant knew his home address in Beverly Hills and that prior to this dispute, the parties had been family friends for many years, appellant having been in appellee's home and residing in the same neighborhood. Appellee claimed that appellant knew his telephone number and email address. Appellee alleged that appellant defrauded the circuit court to gain an advantage in the California litigation. Appellee claimed that the fraud was discovered when appellant's son alluded to him that a judgment had been entered against him in Arkansas.
Appellant responded that he had relied on the Arkansas Secretary of State's records when obtaining appellee's address. He denied that the California litigation involved the same business dispute because he sued appellee under Arkansas statutes seeking restitution for insufficient checks in the instant matter. He also denied having any personal knowledge of appellee's whereabouts. Appellant claimed that appellee received valid service of the complaint through his designated agent pursuant to Arkansas's long-arm statute. Appellant also contended that appellee had failed to establish fraud.
At the November 28, 2016 hearing on appellee's motion to set aside the default judgment, appellant testified using an interpreter. He said that he lives in Beverly Hills, California, that he does not work, and that he could speak very little English. He said that his son had filed the lawsuit on his behalf against appellee.
*501 Appellee testified that he lives in Beverly Hills, California, that he had known appellant for about ten years, and that appellant had filed a lawsuit against him in California. Appellee said that appellant's lawyer in California had personally served him with the California complaint at his office at 1608 Sawtelle Avenue,[3] Los Angeles, California 90025, and proofs of service were filed. When appellant later amended his California complaint, it was served on appellee's attorney. Appellee also said that he had provided his office address of 1608 Sawtelle to appellant when he answered discovery requests in the California case. When appellant filed suit against him on April 21, 2015, in Arkansas, his office address was 1608 Sawtelle Avenue, Los Angeles, California 90025. Appellee said that he did not know of the Arkansas lawsuit until he learned of the default judgment through appellant's son, and his attorney researched it.
Appellant testified that he did not know appellee's whereabouts between 2013 and 2015. He said that he never provided his attorneys in California or Arkansas with the address of appellee, and that neither asked him for it. He said that he did not speak to his Arkansas attorney before the lawsuit was filed, and he did not know if he had ever talked to his Arkansas attorney.
The circuit court found that there was no proof of fraud presented and that no meritorious defense was provided. It found that service was valid because appellant used the addresses for appellee on file with the Arkansas Secretary of State's office and that appellee had a duty to update the records at the Arkansas Secretary of State's office. The Arkansas Secretary of State was served, and that officer forwarded the lawsuit to appellee at the last known addresses. Thus, the circuit court denied from the bench the motion to set aside the default judgment.
II. Post-Hearing Proceedings
A. Motions
Appellee filed a motion for findings of fact and conclusions of law on November 29, 2016, stating that no order had been entered and requesting specific findings and conclusions because the circuit court did not state any as to why the default judgment should stand against him individually. Appellee stated that Arkansas law requires that service giving actual notice of a lawsuit is mandatory in all cases when the whereabouts of a defendant is known to the plaintiff. Appellee then requested that the circuit court grant the motion to set aside default judgment.
Appellee filed a motion for new trial on December 21, 2016, stating that judgment had not been entered regarding the circuit court's ruling on the motion to set aside default judgment. Appellee asked for a new trial because the circuit court's decision was contrary to the preponderance of evidence and contrary to the law. Appellee alleged that there was an error in the assessment of the amount of recovery awarded to appellant and argued that the circuit court should reconsider under Arkansas Rule of Civil Procedure 59.
In the supporting brief, appellee claimed that Arkansas's long-arm statute was not applicable because the checks on which the cause of action was premised were not written in Arkansas, the parties' agreement of June 9, 2010, occurred in California, and appellant never attempted to have appellee served outside the State of Arkansas. See Ark. Code Ann. § 16-58-120(a) and (b)(1). Further, appellee alleged that the parties' agreement of June 9, *502 2010, contained a choice-of-law provision that California law would govern. Appellee also argued that appellant failed to perfect service at the addresses of which appellant had actual knowledge based on the discovery answers filed in the California lawsuit. Further, appellant failed to strictly adhere to the requirements of section 16-58-120. Appellee claimed that because the default judgment was void, appellee was not required to demonstrate a meritorious defense. Finally, appellee argued that the damages awarded in the default judgment were excessive, because appellant's complaint alleged that only three checks were shown to be returned for insufficient funds; thus, the award should be as to only those three.
Appellant responded, arguing that appellee's Rule 59 motion was untimely, because Rule 59(b) requires that such motions be brought within ten days after entry of the judgment. Because the default judgment was filed September 1, 2015, appellant claimed that appellee's motion under Rule 59 was time-barred. Appellant also argued that appellee's arguments were barred by the law of the case, that the trial court's decision-to deny the motion to set aside the default judgment-was not clearly against the law, and that the damages were not excessive.
Appellee filed an amended motion to set aside default judgment and brief on February 7, 2017, restating and adopting all the allegations made in the original motion filed on August 8, 2016, and in all the submissions since that time. Appellee moved to set aside the default judgment, relying on the exhibits from the November hearing, which included certified copies filed in the California lawsuit: (1) complaint and exhibits; (2) proof of service on Javidzad; (3) proof of service on Y&S; (4) first amended complaint and exhibits; and (5) excerpts from appellee's responses to appellant's first set of interrogatories. Appellee argued that these certified exhibits confirmed that no acts occurred within the State of Arkansas to give rise to the application of Arkansas's long-arm statute. Relying on these exhibits, appellee made the same arguments he had made in the motion for new trial filed in December 2016.
B. Order Denying Motion to Set Aside Default Judgment
On February 15, 2017, the circuit court filed findings of fact and conclusions of law reflecting that the original motion to set aside the default judgment was denied. The order states:
There was no proof of fraud presented to the Court and; further, no meritorious defense was provided to the Court, which would cause the Default Judgment to be set aside.
The Court finds that the service was valid. The Plaintiff used the addresses that were on file with the Arkansas Secretary of State's office for the LLC. The Defendants have a duty to update the records at the Arkansas Secretary of State's office and the Defendants failed to do so. Because they were not able to locate the Defendants with the information contained at the Secretary of State's office, the Secretary of State became the agent of service of process, pursuant to law, for the Defendants. The Secretary of State's office was served and they then forwarded the lawsuit to the Defendants at their last known address. The Court finds that this was all done pursuant to the Rules and to the law; and, the Motion is denied.
....The Defendants Amended Motion to Set Aside Default Judgment is denied because it is untimely.
C. Motions to Reconsider
On February 27, 2017, appellee filed a motion for amended findings of fact and *503 conclusions of law, asking the circuit court to amend its findings on service related to appellee under the long-arm statute. Appellee also claimed that it was not properly served under Arkansas Code Annotated section 4-27-1531 (Repl. 2016) (procedure and effect of revocation of certificate of authority for foreign corporation to transact business) and that the allegations in the complaint did not state a cause of action under Arkansas Code Annotated section 4-60-103 (restitution).
In a separate motion filed on the same day, appellee filed a motion to reconsider and vacate order and supplement to its motion for new trial. Appellee cited Arkansas Rule of Civil Procedure 60(a) (2017), and claimed that the circuit court could vacate its order within ninety days to correct errors. Appellee argued that because the circuit court erred when it denied the motion to set aside the default judgment, it should vacate the order and enter a new order granting the motion. Alternatively, appellee asked for a new trial. The same arguments were made as those raised in the motion for amended findings of fact and conclusions of law.
D. Order Setting Aside Default Judgment with Prejudice
On March 20, 2017, appellant filed a motion to strike appellee's motions; but on the same date, the circuit court filed an order setting aside the default judgment against appellee for the reasons stated in his motion to reconsider and vacate. Appellee then filed a motion to dismiss the original complaint with prejudice for failure to perfect service within 120 days and because the statute of limitations had run on appellant's claims for checks from May 2011. Following a flurry of motions, responses, and replies by both parties,[4] the circuit court granted the dismissal with prejudice on May 8, 2017. A timely notice of appeal was filed on May 17, 2017.
III. Standard of Review
The Arkansas Supreme Court set forth the following analysis when applying Rule 4 of the Arkansas Rules of Appellate Procedure-Civil (2017):
Our standard of review for our court rules is clear. A circuit court's interpretation of a court rule is reviewed de novo by this court. Solis v. State , 371 Ark. 590, 595, 269 S.W.3d 352, 356 (2007). On that point, this court has said
We construe rules using the same means, including canons of construction, that are used to interpret statutes. Williams v. State , 347 Ark. 728, 67 S.W.3d 548 (2002) ; Smith v. Smith , 341 Ark. 590, 19 S.W.3d 590 (2000). The first rule in considering the meaning and effect of a statute or rule is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. When the language is plain and unambiguous, there is no need to resort to rules of statutory construction. Yamaha Motor Corp., U.S.A. v. Richard's Honda Yamaha , 344 Ark. 44, 38 S.W.3d 356 (2001). Aikens v. State , 368 Ark. 641, 643, 249 S.W.3d 788, 789-90 (2007) (citing *504 National Front Page, LLC v. State ex rel. Pryor , 350 Ark. 286, 291, 86 S.W.3d 848, 851 (2002) ).
Gatson v. Billings , 2011 Ark. 125, at 3, 2011 WL 1206500.
In Nucor Corp. v. Kilman , 358 Ark. 107, 118, 186 S.W.3d 720, 727 (2004), the Arkansas Supreme Court determined that the standard of review is abuse of discretion when the trial court grants or denies a motion to set aside default judgment under Rule 55(c)(3) (based on fraud). Appellate courts review a circuit court's factual conclusions regarding service of process under a clearly erroneous standard. Jones v. Douglas , 2016 Ark. 166, 489 S.W.3d 648, 652.
IV. Whether the Motion to Set Aside Default Judgment was Deemed Denied
Appellant argues that the circuit court erred in granting appellee's motion to set aside default judgment because the motion was deemed denied on September 6, 2016, under Rule 4(b) of the Arkansas Rules of Appellate Procedure-Civil. Appellant argues that everything filed after September 6 should be found to be a nullity and that the order setting aside default judgment should be reversed.
Rule 4(b)(1) states:
Upon timely filing in the circuit court of a motion for judgment notwithstanding the verdict under Rule 50(b) of the Arkansas Rules of Civil Procedure, a motion to amend the court's findings of fact or to make additional findings under Rule 52(b), a motion for a new trial under Rule 59(a), or any other motion to vacate, alter, or amend the judgment made no later than 10 days after entry of judgment, the time for filing a notice of appeal shall be extended for all parties. The notice of appeal shall be filed within thirty (30) days from entry of the order disposing of the last motion outstanding. However, if the circuit court neither grants nor denies the motion within thirty (30) days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day, and the notice of appeal shall be filed within thirty (30) days from that date.
Appellant argues that all motions to vacate, alter, or amend a judgment are subject to the deemed-denied rule set forth in Rule 4 and that trial courts lose jurisdiction to grant these motions following the thirty-day deadline. See McCoy v. Moore , 338 Ark. 740, 1 S.W.3d 11 (1999) ; Wal-Mart Stores, Inc. v. Isely , 308 Ark. 342, 823 S.W.2d 902 (1992) ; Ark. Dep't of Human Servs. v. Waugh , 2015 Ark. App. 155, 457 S.W.3d 286. Appellant contends that a motion to set aside default judgment is subject to the deemed-denied rule. E.g. , DePriest v. Carruth , 334 Ark. 378, 974 S.W.2d 471 (1998) ; Helena-W. Helena Pub. Sch. Dist. v. Shields , 2016 Ark. App. 312, 497 S.W.3d 202 ; Shelby Cty. Health Care Corp. v. Teague , 2014 Ark. App. 382, 439 S.W.3d 74.[5]
Appellant argues that the motions listed in Rule 4 are not an exclusive list but that Rule 4 applies to all motions to vacate a judgment. He relies on Guthrie v. Twin City Bank , 51 Ark. App. 201, 913 S.W.2d 792 (1995), in which this court dismissed the appeal because the appellant did not file her notice of appeal within thirty days of the deemed-denied motion for new trial. However, we note that the appellant in Guthrie filed her motion for reconsideration within ten days after summary judgment had been granted. In contrast, appellee's motion in the instant case was not *505 filed within ten days, and the motion was a request to set aside a default judgment, not summary judgment.
Appellee argues that because his motion was filed more than ten days after the default judgment was entered, the deemed-denied rule does not apply. We agree. Rule 4 provides that a motion to vacate, alter, or amend a judgment is deemed denied after thirty days only if the motion is "made no later than ten days after entry of judgment." Ark. R. App. P.-Civ. 4(b)(1). Here, appellee filed its motion to set aside 342 days after judgment was entered; thus, Rule 4(b)(1) does not apply. See DePriest , supra (defendant filed a motion to set aside default judgment nineteen days after judgment was entered; circuit court denied the motion nine months later; supreme court held the motion was denied when the order was entered and notice of appeal was timely because it was filed within 30 days of that order and that Ark. R. App. P.-Civ. 4(b), (c), and (d) do not contemplate a motion to set aside a default judgment, and the time constraints mandated by those provisions are inapplicable). Accordingly, we hold that appellant's first point on appeal is without merit.
V. Whether it Was an Abuse of Discretion to Grant the Rule 59 Motion
Appellant contends that the circuit court abused its discretion when it granted appellee's motion to reconsider and vacated the default-judgment order because (1) appellant effected valid service on appellee; (2) appellee failed to raise validity of service in his motion or at the hearing; and (3) the circuit court held and reaffirmed that service was valid in its default-judgment order. For the reasons stated below, we are not persuaded by appellant's arguments.
First, appellant contends that the circuit court abused its discretion by granting the motion to set aside because he had perfected service of process. He contends that he served Y&S-an LLC that had failed to pay its franchise taxes, which resulted in the revocation of its certificate of authority-by issuing certified mail, return receipt requested, to its registered agent. See Ark. R. Civ. P. 4. He argues that the apparent closure of the business at the address indicated on the Secretary of State's records made the Secretary of State Y&S's agent for service. See Ark. Code Ann. §§ 4-32-1007(c) (Repl. 2016) and 4-20-113 (Supp. 2017).[6] Appellant also relies on Arkansas Code Annotated section 4-27-1531(d), which provides:
The Secretary of State's revocation of a foreign corporation's certificate of authority appoints the Secretary of State the foreign corporation's agent for service of process in any proceeding based on a cause of action which arose during *506 the time the foreign corporation was authorized to transact business in this state.
Thus, appellant claims that he issued valid service to appellee through the Secretary of State.
Appellant also argues that service was perfected on appellee based on Arkansas's long-arm statute because appellee committed acts in this state and then left. See Ark. Code Ann. § 16-58-120. Appellant contends that appellee is deemed to have committed the actions because Y&S's certificate had been revoked. Larzelere v. Reed , 35 Ark. App. 174, 816 S.W.2d 614 (1991) (officers and directors of a corporation who actively participate in its operation during the time when the corporate charter is revoked for failure to pay corporate franchise taxes are individually liable for debts incurred during the period of revocation). Further, he claims that the checks were "cut" in Arkansas because Y&S was a sole-member, single-asset LLC that exclusively owns a parcel of real estate in Pine Bluff. Thus, appellant claims that he complied with the long-arm statute and service was perfected.
Appellee argues that appellant did not properly serve him under Arkansas's long-arm statute. We agree and hold that the circuit court was not clearly erroneous in finding that appellee was not properly served. First, the complaint does not allege that any acts were done in Arkansas. The cause of action is based on Arkansas's restitution statute, which permits recovery on checks written on accounts with insufficient funds. There is no information in the complaint regarding where the checks were written or on which account they were written. Further, there was evidence presented at the November 2016 hearing that the checks were written in California and that before this suit was filed, appellant had sued appellee in California based on the checks.
Second, appellant was not in Arkansas. Thus, he is not included in section 16-58-120(b)(1), which states, "Any resident or nonresident person who commits acts in this state sufficient to give an individual in this state a cause of action...." (Emphasis added.) Appellant did not allege that he was in Arkansas when the cause of action accrued, when he filed suit, or that he had ever been to Arkansas before the November 2016 hearing.
Third, appellant did not send process to appellee's last known address. See Ark. Code Ann. § 16-58-120(b)(2)(B). The statute requires process be sent to the last known address, not the last address on file with the Arkansas Secretary of State. Appellee presented evidence that appellant or his attorney knew of appellee's more recent California addresses, both home and office. Therefore, the last known address that appellant knew of was something other than what was on file with the Secretary of State. Further, appellant's reliance on the Secretary of State to send service by certified mail is sufficient only if notice of the service and a copy of the process are sent by certified mail by the plaintiff or his attorney to the defendant at his last known address. See Ark. Code Ann. § 16-58-120(b)(2)(B).
It was not clearly erroneous to determine that service was ineffective under Arkansas Code Annotated section 4-27-1531(d) because service on the Secretary of State is valid only if the proceeding is "based on a cause of action which arose during the time the foreign corporation was authorized to conduct business in this state." Because appellant neither alleged nor produced evidence that this cause of action arose while Y&S was authorized to conduct business in Arkansas, service was not proper. Appellant's argument that he properly served appellee under Arkansas Code Annotated section 4-20-113 was not *507 raised below. Therefore, the argument is not preserved for this court's review. Young v. Welch , 2016 Ark. App. 614, at 3, 2016 WL 7232081.
Second, appellant claims that the motion for reconsideration was a deficient motion for new trial under Rule 59 and that appellee's request was barred because it had been decided by the circuit court when it denied the motion to set aside the default judgment. Again, this argument is not preserved for appellate review because it was not raised below. Young , supra.
Insufficiency of service of process is an affirmative defense, subject to waiver if not raised in the responsive pleading or by motion to dismiss. Ark. R. Civ. P. 12(h)(1) ; Lawson v. Edmondson , 302 Ark. 46, 786 S.W.2d 823 (1990). Appellant claims that it was error to grant a motion for new trial that raised an affirmative defense for the first time. Jackson v. Mundaca Fin. Servs. , 349 Ark. 84, 76 S.W.3d 819 (2002). Appellant argues that appellee did not timely raise the service issue and that it was waived because it was not included in the motion to set aside default judgment. Harley v. Dempster , 2017 Ark. App. 159, 512 S.W.3d 698 (affirmative defenses may not be raised after the conclusion of the trial).
We are not persuaded that the motion for new trial was the first time that sufficiency of service of process was before the circuit court. Beginning with appellee's initial motion to set aside default judgment, service of process was the issue to be determined at every stage. Appellee argued that he was entitled to notice of the lawsuit, that appellant knew of the addresses, and that service was invalid. The circuit court squarely ruled on the issue, and it is preserved for our review.
Third, appellant argues that the issue of service is barred because it was finally decided in the default judgment itself. He contends that in the order denying the motion to set aside default judgment, the circuit court found that service was valid. Thus, appellant claims that res judicata bars relitigation of the issue. Appellant's argument is premised on his belief that the motion to set aside default judgment was deemed denied and that no appeal was made within the proper time. Thus, appellant claims that appellee's motion for new trial was an improper attempt to resurrect a dead issue. Majors v. Pulaski Cty. Election Comm'n , 287 Ark. 208, 697 S.W.2d 535 (1985) (issue dead after motion for new trial was deemed denied and no appeal was made). Appellant argues that, as in Majors , appellee attacked a judgment with a posttrial motion; that motion was deemed denied thirty days later; and no appeal was made, so the issue was put to rest. However, as we have held above, the motion to set aside was not subject to being deemed denied under Ark. R. App. P.-Civ. 4 ; thus, the issue of service was not barred.
VI. Whether the Savings Statute is Applicable
Appellant argues that the circuit court erred by dismissing with prejudice because he filed the complaint within the statute of limitations and effected valid service of process, or he at least made a good-faith effort to do so. Thus, appellant argues that the savings statute allows him to file a new action within one year. See Ark. Code Ann. § 16-56-126 (Repl. 2005). He contends that a timely and completed attempt at service is all that is needed to afford the benefit of the savings statute. Jones , supra ; Rettig v. Ballard , 2009 Ark. 629, 362 S.W.3d 260.
We have already held that appellant's attempt at service was not valid. Based on the evidence and reasoning as set forth in part V above, the circuit court's conclusion that the attempt was not made in good *508 faith is not clearly erroneous. Accordingly, we affirm.
Affirmed.
Virden and Vaught, JJ., agree.

Because Javidzad is the sole owner of Y&S, "appellee" will be used to designate Javidzad or Javidzad on behalf of Y&S.

Arkansas Rule of Civil Procedure 12.

We recognize that the pleadings refer to Boulevard rather than Avenue, as testified to by Javidzad.

Appellant filed a motion for reconsideration on March 28, 2017; a response to appellee's motion to dismiss on April 4, 2017; a response and supporting brief to appellee's sur-reply on April 17, 2017; a reply on his motion to reconsider on April 18, 2017; and a motion to supplement briefing on appellee's motion to dismiss with prejudice on April 24, 2017. Appellee filed a reply in support of his motion to dismiss on April 6, 2017; a response to appellant's motion for reconsideration on April 6, 2017; a sur-reply in opposition to appellant's motion for reconsideration on April 17, 2017; and a response to appellant's motion to supplement briefing on April 24, 2017.

Appellee distinguishes the cases cited by appellant as involving motions filed within ten days of the judgment. See Shelby Cty. Health Care , supra ; Helena-W. Helena Pub. Sch. Dist. , supra.

Ark. Code Ann. § 4-32-1007 provides in pertinent part:
(c) A foreign limited liability company transacting business in this state without registration may be served with process under § 4-20-113 if the foreign limited liability company:
(1) Fails to appoint an agent for service of process under § 4-20-112;
(2) No longer has an agent for service of process; or
(3) Has an agent for service of process that cannot with reasonable diligence be served.
Ark. Code Ann. § 4-20-113 provides in pertinent part:
(b) If an entity fails to appoint an agent under this subchapter or if an entity that previously filed a registered agent filing with the Secretary of State no longer has a registered agent, or if its registered agent cannot with reasonable diligence be served, the entity may be served by registered or certified mail, return receipt requested, addressed to one or more of the governors of the entity by name at its principal office in accordance with any applicable judicial rules and procedures.